ROBINSON LUMBER CO. v. BOUDREAU

(May 11, 1931. Opinion and Decree.)
(June 8, 1931. Rehearing Refused.)
(July 20, 1931. Writ of Certiorari and Review Granted by Supreme Court.)
(November 3, 1931. Opinion and Decree in Supreme Court.)

Arthur B. Hammond and John E. Unsworth, of New Orleans, attorneys for plaintiff, appellant.

Hopkins & Talbot, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff, a commercial co-partnership, composed of Robert G. Robinson and Mark H. Robinson, brought this suit against the partnership of Tracka and Boudreau and against the individual members thereof, Frank J. Tracka and Benjamin C. Boudreau, alleging that it is the holder in due course of a promissory note dated January 24, 1924, in the sum of $2,000, payable at the Whitney-Central Trust & Savings Bank, New Orleans, Louisiana, ninety days after date and signed by the partnership; that the note is wholly due and unpaid and judgment is prayed for accordingly.

The partnership and Frank J. Tracka individually failed to answer and the suit was prosecuted against Boudreau alone. Boudreau answered admitting the signature to the note sued on and admitting that no payment had been made on account, but averred that the note was given without consideration under an expressed agreement that payment was not to be demanded or expected.

There was judgment in favor of the defendant Boudreau dismissing plaintiff's suit and plaintiff has appealed.

The facts in the case are as follows:

On the 26th day of September, 1923, plaintiff acquired from John Lambert and

other owners, by notarial act, certain cypress timber upon land belonging to the Lamberts in St. Charles parish, for the sum of $4,000 cash. The act of sale stipulated that the purchaser was to cut and remove the timber within two years unless weather conditions prevented and in the latter event an extension of six months was to be allowed. On the 27th day of September, 1923, by notarial act before Charles F. Fletchinger, plaintiff sold the timber which it had acquired the day before to Frank J. Tracka and Benjamin C. Boudreau for the sum of $5,200, for which sum Tracka and Boudreau gave their promissory note maturing 120 days after date and payable at the Whitney-Central National Bank in the city of New Orleans with 7 per cent per annum interest. The same stipulations with reference to the removal of the timber which were in the act by which the vendor acquired, were repeated in this act of sale and the note was secured by a mortgage containing the customary pact de non alienando. On the same day, but subsequent to the sale of the timber, a supplementary agreement in the form of a letter written by the Robinson Lumber Company and accepted by the firm of Tracka & Boudreau was entered into by the terms of which, Tracka & Boudreau agreed to manufacture the timber which they had bought into cross ties at the "greatest speed possible and convenient" and to pay to the Robinson Lumber Company 50 cents per tie for each tie sold when and as sold "to be applied against mortgage note in the sum of $5200.00 given us this day in payment of said timber, until note is fully retired." The $5,200 note matured January 24, 1924, and was not paid. On that day the defendant executed a promissory note in favor of plaintiff for $2,000, the note sued on in this case.

According to the testimony of the members of the plaintiff firm, the $2,000 note was given for the purpose of obtaining an extension of ninety days on the $5,200 note and to prevent foreclosure and consequent dispossession of the timber. Defendant is said to have begged this additional time in order that it might have an opportunity to remove and cut the timber and realize a large profit which Boudreau thought could be made out of the deal. Plaintiff, it is claimed, finally yielded its consent upon representation that the $2,000 would be paid in cash, but when it later developed that Boudreau was unable to raise the cash, accepted the note.

Boudreau's explanation of the transaction is that he signed the note at the request of the Robinsons in order to deceive his partner, Tracka, with whom he had had a disagreement. In his own words, "At the time when we first entered into it, I was in partnership with Mr. Tracka. Mr. Tracka was to help in the management of the camp and to help finance it. In the meantime, he secured a contract with the Pennsylvania Railroad and went over to Columbia, Miss., and did not assist me in any way in carrying out my contract with the Robinson Lumber Company, but still he wanted to retain his half interest. The Robinsons suggested to me that it was not fair." Just how he was to be relieved from the claim of his partner by signing this note does not appear from the record nor is there any helpful suggestion in that regard by his counsel. We cannot accept his statement, which is unsupported by any other fact or circumstance in the record and lacking in any element of probability. The idea of a man signing a promissory note for $2,000 and relying upon a verbal agreement that he would not be expected to pay it makes too much demand upon our credulity.

It is argued, however, that if plaintiff's version of the transaction be true and the note given for an extension of time in which to pay the $5,200 note, it was nevertheless an unlawful consideration; first, because the $5,200 note had already been extended by the supplementary agreement which had changed the stipulation in the original act of sale requiring it to be paid within 120 days to an arrangement whereby it was to be liquidated gradually during the entire two years mentioned in the contract at the rate of 50 cents per cross tie, when and as the ties were manufactured, and in the alternative, if the supplementary agreement is not so interpreted, the consideration is nevertheless unlawful and finally that the exaction of the sum of $2,000 for the extension of the note of $5,200 for 90 days was usurious and without consideration on that account.

Relative to the first point our opinion is that the letter did not have the effect of changing the maturity of the note and the method of payment, but was simply intended as additional security by providing that as the timber which was subject to plaintiff's mortgage was removed and its security diminished to that extent, payment should be made upon the note in the manner stipulated in the contract in order that the debt might be diminished in proportion to the exhaustion of the timber which had been pledged as security.

Our view is that the note sued on was given for the purpose of extending the time of payment of the $5,200 note and to prevent foreclosure and ouster of defendant from the land. Was such consideration unlawful per se or because tainted with usury, is the final question.

In Benner v. Van Norden, 27 La. Ann. 473, our Supreme Court said:

"A valuable consideration may, in general terms, be said to consist either in some right, interest, profit, or benefit accruing to the party who makes the contract, or some forbearance, detriment, loss, responsibility or act, or labor or service on the other side; and if either of these exist, it will furnish a sufficient valuable consideration to sustain the making or endorsing of a promissory note in favor of the payee or other holder."

In 13 Corpus Juris 344, sec. 194, verbo "Contracts," we find the following:

"The actual forbearance, or the promise of forbearing to prosecute a claim on which one has a right to sue is universally held to be a sufficient consideration."

In Foster v. Wise, 27 La. Ann. 538, where the defense was usury, it was held:

"The extension of the time of payment of a certain mortgage note was really the consideration of the note in suit, and this was a lawful consideration."

Foster v. Wise was confirmed in the Matter of Leeds & Co., 49 La. Ann. 501, 21 So. 617. See, also, O'Conner v. Levy, 4 Orl. App. 3.

There is authority in other jurisdictions to the contrary, particularly where there is a veiled attempt to circumvent the laws relating to usurious interest. In this case, however, the plaintiff is in the lumber business, and there is nothing in the record to cast any suspicion upon its action in regard to the receipt of the note.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Robinson Lumber Company, and against the defendant Benjamin C. Boudreau in the full sum of $2,000, with legal interest from judicial demand and all costs.