(137 So. 853)

## ROBINSON LUMBER CO. v. TRACKA & BOUDREAU.

### In re BOUDREAU.

No. 31383.

Nov. 3, 1931.

Hopkins & Talbot, of New Orleans, for petitioner.

Arthur B. Hammond and John E. Unsworth, both of New Orleans, for respondent.

LAND, J.

The Robinson Lumber Company of the city of New Orleans has brought this suit on a promissory note against Tracka & Boudreau, an ordinary commercial partnership, domiciled in that city, and composed of Frank J. Tracka and Ben C. Boudreau, to recover the sum of $2,000, with legal interest thereon from April 24, 1924, until paid.

Plaintiff alleges that it is the holder and owner of this note, for valuable consideration before maturity, and that same is signed by Tracka & Boudreau, per Ben C. Boudreau, and made payable at the Whitney Central Trust & Savings Bank, New Orleans, La., 90 days after date; and that defendants have failed to pay anything on the note, notwithstanding amicable demand.

The partnership and Frank J. Tracka failed to answer. Ben C. Boudreau answered on February 1, 1929, denying that plaintiff is the holder and owner for valuable consideration of the note in suit, and alleging that the note was given without any consideration and was not intended to be paid.

The trial court held that the note sued on was without consideration and dismissed plaintiff's suit. Plaintiff duly appealed. The Court of Appeal for the parish of Orleans (134 So. 430) reversed the judgment of the lower court, and rendered judgment in favor of plaintiff for the full amount of the note, with legal interest from judicial demand.

Under the writ of review issued in this case, we are called upon to review the judgment of the Court of Appeal.

In the opinion of the Court of Appeal it is stated that:

"The facts of the case are as follows:

"On the 26th day of September, 1923, plaintiff acquired from John Lambert and other owners, by notarial act, certain cypress timber upon land belonging to the Lamberts in St. Charles parish, for the sum of $4,000 cash. The act of sale stipulated that the purchaser was to cut and remove the timber within two years unless weather conditions prevented, and in the latter event an extension of six months was to be allowed. On the 27th day of September, 1923, by notarial act before Charles F. Fletchinger, plaintiff sold the timber which it had acquired the day before to Frank J. Tracka and Benjamin C. Boudreau for the sum of $5,200, for which sum Tracka and Boudreau gave their promissory note maturing one hundred and twenty days after date and payable at the Whitney-Central National Bank in the city of New Orleans with

7 per cent. per annum interest. The same stipulations with reference to the removal of the timber which were in the act by which the vendor acquired were repeated in this act of sale, and the note was secured by a mortgage containing the customary pact de non alienando. On the same day, but subsequent to the sale of the timber, a supplementary agreement in the form of a letter written by the Robinson Lumber Company, and accepted by the firm of Tracka & Boudreau was entered into, by the terms of which Tracka & Boudreau agreed to manufacture the timber which they had bought into cross-ties at the 'greatest speed possible and convenient,' and to pay to the Robinson Lumber Company $.50 per tie for each tie sold when and as sold 'to be applied against mortgage note in the sum of $5,200.00 given us this day in payment of said timber, until note is fully retired.' The $5,200 note matured January 24, 1924, and was not paid. On that day the defendant executed a promissory note in favor of plaintiff for $2,000, the note sued on in this case.

"According to the testimony of the members of the plaintiff firm, the $2,000 note was given *for the purpose of obtaining an extension of ninety days on the $5,200 note* and to prevent foreclosure and consequent dispossession of the timber. Defendant is said to have begged *this additional time* in order that it might have an opportunity to remove and cut the timber and realize a large profit which Boudreau thought could be made out of the deal. Plaintiff, it is claimed, finally *yielded its consent* upon representation that the $2,000 would be paid *in cash*, but, when it later developed that Boudreau was unable to raise the cash, *accepted the note.*" (Italics ours.)

Then follows in the opinion a statement as to Boudreau's explanation of the transaction, which was not accepted by the Court of Appeal.

Continuing in its opinion, the Court of Appeal said:

"It is argued, however, that, if plaintiff's version of the transaction be true and the note given for an extension of time in which to pay the $5,200 note, it was nevertheless an unlawful consideration, first, because the $5,200 note had already been extended by the supplementary agreement which had changed the stipulation in the original act of sale requiring it to be paid within one hundred and twenty days to an arrangement whereby it was to be liquidated gradually during the entire two years mentioned in the contract at the rate of $.50 per cross-tie, when and as the ties were manufactured, and, in the alternative, if the supplementary agreement is not so interpreted, *the consideration is nevertheless unlawful, and finally that the exaction of the sum of $2,000 for the extension of the note of $5,200 for ninety days was usurious and without consideration on that account.* [Italics ours.]

"Relative to the first point, our opinion is that the letter did not have the effect of changing the maturity of the note and the method of payment, but was simply intended as additional security by providing that, as the timber which was subject to plaintiff's mortgage was removed and its security diminished to that extent, payment should be made upon the note in the manner stipulated in the contract in order that the debt might be diminished in proportion to the exhaustion of the timber which had been pledged as security.

"*Our view is that the note sued on was given for the purpose of extending the time of payment of the $5,200 note* and to prevent foreclosure and ouster of defendant from the land. Was such consideration unlawful *per se* or because tainted with usury, is the final question." (Italics ours.)

The Court of Appeal answered this question in the negative, citing the following authorities in its opinion:

"In Benner v. Van Norden, 27 La. Ann. 473, our Supreme Court said: 'A valuable consideration may, in general terms, be said to consist either in some right, interest, profit, or benefit accruing to the party who makes the contract, or some forbearance, detriment, loss, responsibility or act, or labor or service on the other side; and if either of these exist, it will furnish a sufficient valuable consideration to sustain the making or indorsing of a promissory note in favor of the payee or other holder.'

"In 13 Corpus Juris, 344, we find the following: 'The actual forbearance, or the promise of forbearing to prosecute a claim on which one has a right to sue is universally held to be a sufficient consideration.'

"In Foster v. Wise, 27 La. Ann. 538, where the defense was usury, it was held: 'The extension of the time of payment of a certain mortgage note was really the consideration of the note in suit, and this was a lawful consideration.'

"Foster v. Wise was confirmed in the matter of Leeds & Co., 49 La. Ann. 501, 21 So. 617. See, also O'Connor v. Levy, 4 Orl. App. 3.

"There is authority in other jurisdictions to the contrary, particularly where there is a veiled attempt to circumvent the laws relating to usurious interest. In this case, however, the plaintiff is in the lumber business, and there is nothing in the record to cast any suspicion upon its action in regard to the receipt of the note."

For these reasons, the judgment of the lower court was reversed and judgment rendered in favor of plaintiff in the full sum of $2,000, with legal interest from judicial demand.

The $2,000 note in this case was not given by defendant firm to secure a mere extension of 90 days on the $5,200 note, but to prevent foreclosure and consequent dispossession of the timber, in order to afford defendant firm additional time and opportunity to cut and remove the timber and to realize a large profit, which one of the partners of the firm thought could be made out of the deal.

This, unquestionably, was a legal and sufficient consideration under the authority of Benner v. Van Norden, 27 La. Ann. 473, relied upon in the opinion of the Court of Appeal for the parish of Orleans.

It is well settled, as contended by relator, that a note given as a mere bonus for the extension of time of payment of the original note or obligation cannot be recovered by the lender, when in excess of the conventional rate of interest; that such bonus is excessive and usurious, and is not considered a legal consideration. Chadwick v. Menard, 104 La. 38, 28 So. 933; Huntington v. Westerfield, 119 La. 615, 44 So. 317.

The contrary doctrine was held in Foster v. Wise, 27 La. Ann. 538, cited in the opinion of the Court of Appeal, but this case was overruled on rehearing in Chadwick v. Menard.

The cases relied upon by relator, however, have no application to the present case, as the consideration involved herein is far more reaching than the mere extension of the payment of the original note of $5,200.

It is therefore ordered that the judgment of the Court of Appeal for the parish of Orleans be affirmed, and that relator pay the costs of this proceeding.