**ALLEMAND v. BABINEAUX.**
No. 1543.

Court of Appeal of Louisiana.
First Circuit.
Feb. 20, 1936.

**BRASHER v. ST. TAMMANY HOLDING CO., Inc.,**
No. 5258.

Court of Appeal of Louisiana. Second Circuit.
Feb. 25, 1936.

Dan Debaillon, of Lafayette, for appellant.

Chappuis & Chappuis, of Crowley, and A. C. Chappuis, of Rayne, for appellee.

DORE, Judge.

This is a suit to annul a purported sale made by plaintiff to the defendant of an undivided one-eighth of the minerals in a tract of land consisting of approximately 41 acres, for a consideration of "one dollar and other valuable considerations," executed on December 19, 1933.

The sale is attacked on several grounds, alternatively pleaded, but plaintiff-appellant now urges but two of them before this court:

(a) That the transfer was without consideration.

(b) That if there was a consideration, the same was usurious, and consequently illegal and void, and without effect.

The facts are, in this case, not disputed.

On October 31, 1929, the plaintiff granted a special mortgage to the defendant on the property herein involved for the sum of $900, he and his wife waiving the homestead exemption as guaranteed to them by the Constitution, the note representing the indebtedness being payable on November 1, 1930, with 8 per cent. per annum interest thereon from date until paid, and providing for attorney's fees fixed at 10 per cent. on both principal and interest unpaid in the event of suit or placed in the hands of a collector for collection. After the note had been past due for some three or more years, and without even the payment of interest as provided therefor, the defendant called upon the plaintiff herein and demanded of him a sale of the property, or otherwise defendant would have to foreclose upon his mortgage. At the end of the third conference between the two, it was agreed that a new mortgage be entered into for the sum of $1,188, representing the sum due on November 1, 1933, with 8 per cent. per annum from November 1, 1933, but due both in principal and interest ten years after date, together with a sale of the one-eighth of the mineral rights of the said property, and which sale of the mineral rights is the basis of this suit.

It can be noted that the difference between a note of $1,188, due in ten years, the interest being payable at the maturity of the said note, and a note for the like amount, the interest being payable annually, is the sum of $342, this latter sum representing the interest accrued upon the interest. In other words, a bank or banker acquiring the same would expect such a discount on the same. Restated in another way, a sum of $1,188, payable ten years after date, with accrued interest, will amount to $2,138.40; yet by making the interest payable annually, and investing the interest annually at the same rate of interest, 8 per cent., the same would amount to $2,480.40, or the difference of $342. This shows a valuable consideration for the transfer, as in this case, of one-eighth of the royalty or mineral rights herein transferred.

At the time of the transfer, plaintiff has failed to show that his land had any actual mineral value, especially in excess of the consideration he received. Let it be remembered that he was fully satisfied to rearrange his indebtedness upon these terms; he and his family felt secured. But defendant has fully shown that a month thereafter he transferred to others a one-half of such mineral rights and interest in the said note for one-half of which the said note represented, all going to show that neither plaintiff nor defendant felt that it was not such a good bargain. It was purely a speculative matter as in all other wildcat oil developments.

Be that as it may, we believe that the case of Robinson Lumber Co. v. Tracka & Boudreau, 173 La. 461, 137 So. 853, controls the issues of this case. The plaintiff admits that if this case is applicable to the case at bar, then and in that event the decision of the lower court is correct. If, in the cited case, a note given for an extension of time within which to remove timber was held to be a valid consideration, and not usurious interest, then in our case, a mineral deed, which is shown by the testimony to be purely speculative, should be considered as a sufficient consideration for an extension of a debt for ten years, interest being payable only at due date, and not usurious.

Judgment affirmed.