92 So.2d 504 (1957)
Ethel QUAINTANCE, Plaintiff-Appellee,
v.
Harold E. COOK, Defendant-Appellant.
No. 4353.
Court of Appeal of Louisiana, First Circuit.
February 4, 1957.
*505 Chas. C. Jaubert, Lake Charles, for appellant.
Plauche & Stockwell, J. R. St. Dizier, Lake Charles, for appellee.
TATE, Judge.
Plaintiff, a resident of Illinois, filed suit upon a promissory note in the amount of $500, plus interest and attorneys fees, and upon an open account of $39.44. The respective depositions of plaintiff Quaintance and defendant Cook are the sole evidence introduced, aside from the note sued upon. Defendant appeals from judgment in favor of Mrs. Quaintance as prayed for.
The depositions show that Cook with a room-mate Snyder lived in Mrs. Quaintance's home from October, 1953, until February 1, 1954. On the latter date, he announced his intention to move to Lake Charles, La., where he had accepted employment. Mrs. Quaintance had defendant's car and personal belongings judicially seized by an Illinois court for unpaid board and lodging, both for him and also for Snyder, and for monies advanced to defendant, in the total amount of $500. Snyder had been brought into Mrs. Quaintance's home allegedly upon defendant Cook's agreement to pay Snyder's expenses.
Defendant Cook secured the release of his car and belongings by executing the unsecured note in the amount of $500 dated February 15, 1954, sued upon herein. He resists payment thereof by his testimony that he was induced to enter plaintiff's home for a romantic rather than commercial relationship, and had absolutely no liability for board and lodging. By this rather ungallant defense, he seeks to avail himself of the doctrine that one coerced into signing a promissory note for which there is no considerationor for which *506 the consideration is release from illegal prosecution or seizurecan validly plead want of consideration, Shipp v. Cheek, La. App. 2 Cir., 175 So. 174. See, also, New Orleans Gas Light & Banking Co. v. Paulding, 12 Rob. 378.
However the Cheek case involved a situation where the maker was coerced into signing the note for an amount for which admittedly he had absolutely no civil liability in order "to save himself from an unjust and illegal prosecution," 175 So. 177. The Paulding case involved coercionby illegally withholding gas serviceuntil the defendant agreed to pay the debt of a prior occupant of the building for which the promisor had no previous legal, natural, or moral obligation.
Under plaintiff's testimony herein, present defendant was certainly civilly liable for board and lodging and money advanced, and the seizure or sequestration for unpaid rent was not illegal or unjust; and, as the District Court pointed out, defendant had the opportunity to contest the civil liability in the Illinois proceedings, but chose instead to acknowledge same by signing a promissory note therefor. Institution of legal proceedings to enforce what one believes to be his legal rights is not coercion, Article 1856, LSA-C.C., and a payment made or a contract entered into as a result of such judicial demand will not be voided on the ground of duress, the debtor having the opportunity to litigate the initial demand, New Orleans & N. E. R. Co. v. Louisiana Construction & Improvement Co., 109 La. 13, 33 So. 51.
Under LSA-R.S. 7:24 of the Negotiable Instruments Law, "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." A pre-existing obligation constitutes legal consideration for a note, Lucas E. Moore & Co. v. Hursey Transp. Co., 1 Cir., 18 La.App. 56, 137 So. 630. The burden of proving want of consideration rests with the person signing the note, and not the payee, Mirandona Brothers v. Danos, La.App., Orl., 56 So.2d 159.
We think the District Court correctly held that defendant's unsupported testimony, contradicted by plaintiff, did not satisfy this burden, nor the burden of proving fraudulent the initial demand in the Illinois court.
Defendant further urges that the liability for which the note was signed was at least partially void, being the rent due on behalf of his room-mate Snyder, because under Article 2278(3), LSA-Civil Code of Louisiana, parol evidence is inadmissible "To prove any promise to pay the debt of a third person"; and therefore urges that the entire note is unenforceable under the doctrine expressed in Rawleigh Co. v. Coen, La.App. 2 Cir., 195 So. 660, at page 663 as, "if a part of the consideration for which the note is given is illegal, that fact renders the entire note unenforceable." (Italics ours.)
In the first place, according to plaintiff Quaintance's testimony, Cook promised to pay for Snyder's keep before Snyder moved in the establishment, in which case the resulting obligation was Cook's, and Cook would be paying his own debt, contracted directly by him, rather than the debt of another. Article 1890, LSA-C.C.
But even assuming otherwise, the pre-existing oral promise to pay the debt of a third person is not an illegal consideration, unable to support a subsequent acknowledgment by promissory note; the codal article simply provides that the promise may not be proved by parol evidence in a direct suit brought to enforce same. But in the present instance Cook's promise to pay what he claims to be Snyder's debt is represented by a promissory note, which satisfies the requirement that the promise to pay the debt of another must be in writing.
*507 Further, a note given to pay a third person's debt is supported by valid consideration, Hale v. Fornea, La.App. 1 Cir., 79 So.2d 124; and a pre-existing debt due by another furnishes sufficient consideration to support the promise of a third party to pay it, Commercial National Bank v. Richardson, 163 La. 933, 113 So. 152, Louisiana Store & Market Equipment Co. v. Moore, La.App. 2 Cir., 167 So. 477, unless the promise was extracted by fraud or error or (more pertinently to defendant's argument here) by coercion, Article 1850 et seq., LSA-Civil Code, New Orleans Gas Light & Banking Co. v. Paulding, 12 Rob. 378, above cited.
Perhaps the simplest answer to these latter contentions by defendant's able counsel is that the defendant has not borne his burden of proving that the consideration furnished was illegal under Illinois or Louisiana law; or even of proving that the obligation to pay Snyder's rent was based solely upon a debt owed directly by Snyder, rather than upon an independent promise by defendant to pay such rent for Snyder, in reliance upon which plaintiff furnished Snyder board and lodging; or of proving that there was no pre-existing promise to pay Snyder's debt, but defendant's agreement to pay same was coerced by an illegal refusal to release the judicial seizure of his own car until he agreed to pay not only his own, but Snyder's debt too.
The District Court also allowed judgment on an open account for $39.44 in telephone calls between September 10, 1953 and January 1, 1954, allegedly owed to her by defendant Cook according to plaintiff's testimony. Cook testified in his deposition that he had paid plaintiff for all such telephone calls. Since both parties testified by deposition, the District Court is in no better position than this court to evaluate the credibility of the parties. In view of this fact, and in the absence of any explanation why this amount was not included in the settlement evidenced by the $500 note between the parties for rent and for monies advanced (which would seem to have been the more natural behaviour in view of defendant Cook's imminent departure for Louisiana, which had provoked the Illinois suit and seizure), we are not inclined to accept the uncorroborated testimony of plaintiff alone as sustaining her burden to prove this open account, indebtedness, see e. g., Camus v. Bienvenue, La.App., 1 Cir., 91 So.2d 99. We will therefore non-suit her claim in this regard.
The judgment appealed from is amended by non-suiting plaintiff's claim on the open account of $39.44 for telephone calls allegedly owed her by defendant; and, as amended, is affirmed in all other respects.
Amended and affirmed.