MINOS D. MILLER, Jr., Judge pro tem.
This is an appeal from a judgment in favor of White System of New Orleans, Inc. for the balance due on a promissory note signed by defendant-appellant Arnold Lehmann as maker, together with interest and attorney’s fees as provided for in the promissory note. The district judge, in a very able opinion, has correctly disposed of the issues in this case and we adopt his opinion as our own.
“Plaintiff seeks to recover the sum of $565.58 from the defendant. The suit is brought on a promissory note dated June 25, 1956, in the principal sum of $1,463.40 with interest at eight per cent per annum from maturity and containing the usual provisions covering attorney fees at the rate of twenty per cent. The defendant contends he is not liable because the instrument was discharged in full or renounced by the plaintiff’s action of transferring it to the ‘Profit & Loss Account’ and in the alternative, that the note had been reformed whereby monthly payments had been reduced, additional interest waived and that all payments were current.
“A resume of the testimony on the trial of this matter established that the original note was dated June 25, 1956, and that the defendant was originally unable to make a single monthly payment of $97.56, as provided. The plaintiff did agree to accept reduced monthly payments of $30.00, which the defendant made from April 1, 1957, through June 29, 1959; however, the July payment was not made and only $15.00 paid on the August installment. As a result plaintiff instituted this suit on September 11, 1959, seeking the balance due and owing together with interest and attorney fees. In order to forestall judgment being rendered against him, defendant, with the consent of the plaintiff, resumed the reduced monthly payments of $30.00 until June 16, 1960, and thereafter no additional payments were made. Approximately three months later, attorney for plaintiff filed a motion to fix the matter for trial on its merits.
“The obligation of the defendant is a negotiable instrument, being a promissory note payable to the order of Bearer and the holder thereof enjoys the advantages accorded to it under the Negotiable Instrument Law. The plaintiff is entitled to the judgment he seeks, unless the defenses asserted against the note were meritorious and valid. The primary defense is that the plaintiff, by transferring the obligation to the Profit & Loss Account in his bookkeeping records, has in effect renounced or cancelled the debt and therefore the obligation is fully discharged. This defense is untenable. In order to renounce his rights the holder must so expressly state in writing or must surrender or deliver the instrument to the person primarily liable thereon ((LSA-) R.S. 7:122). There is no evidence whatever to establish that the plaintiff exe *124 cuted such a written renouncement, and the fact that the note was attached to his petition clearly refutes that he surrendered or delivered it to the defendant. . Obviously there was no renouncement of the debt.
“Counsel for defendant in support of his contention that the transfer of the defendant’s obligation to the Profit & Loss Account by the plaintiff constituted a discharge of the instrument, cites (LSA-) R.S. 7:119 (Pars. 3, 4) which respectively provide that a negotiable instrument is discharged by the intentional cancellation by the holder or by any other act which will discharge a simple contract for the payment of money.
“The sections of the Statutes cited, supra, are not applicable to the facts of this case. The action of the plaintiff in placing the obligation in the Profit & Loss Account, after its default, is merely an internal bookkeeping entry, utilized by the holder, who was apparently motivated by either recognized accounting principles or for income tax purposes. Unquestionably he could have transferred the defendant’s indebtedness to any other account if he so desired, no approval of, nor communication to, the debtor being required. The fact that he carried the account on his books, even though in a substandard classification, clearly negatived iny intentional cancellation of the obligation ; otherwise his action would have been useless and in vain. The modes of discharging a negotiable instrument, as set forth above, could only be interpreted as meaning that the action of the holder is of such a definite or certain nature that there could be no question of his intention to discharge the obligation arising out of the negotiable instrument. Such were not the facts in this matter.
“As regards the alternative defenses that the original document was reformed to change the monthly installments from $97.56 to $30.00 per month and that the account was current, cannot be sustained by the evidence. The note provides that the delay of the holder in exercising any right under the note, such as granting an extension of time and the payment thereof, shall not operate as a waiver of his rights thereunder. The oral agreement whereby the plaintiff was willing to accept a lesser monthly payment because of the defendant’s inability to fulfil the method of repayment stipulated in the note, is not a reformation of the agreement, but purely one of co-operative forbearance to aid the defendant. It would be inequitable to penalize the holder for granting to a delinquent obligor of a note an opportunity to honor his obligation. The evidence clearly shows that this litigation did not result from the failure of the defendant to satisfy the monthly payments stipulated in the note, but came about because on two separate occasions he failed to pay the reduced monthly amount of $30.00 after having promised h> do so. Further, the Court finds as a matter of fact that he failed to make the payments of July and August 1959 and has made nO' payments since June 1960. If his actions are considered in light of the fact that the motion to fix this matter for trial was filed on September 7, 1960, he was in arrears for the months of July, August and September 1960. The defendant offered no evidence to show payment or a tender of payment subsequent to June 1960 and, therefore, it can only be presumed that none were made.
“Accordingly, judgment is rendered herein for the plaintiff in the sum of $698.40, together with interest thereon at the rate of eight per cent per annum from September 18, 1959, and attorney fees of twenty per cent, on the aggregate amount, subject to a credit of $300.00.”
The cases cited by appellant in his brief are not in point. Robinson Lumber Co. v. Tracka & Boudreau, 173 La. 461, 137 So. 853, was concerned with the validity of a note given for the purpose of obtaining an extension on another note and to prevent foreclosure. In re Leeds & Co., Limited, in Liquidation, 49 La.Ann. 501, 21 So. 617, is cited as recognizing that an extension of time to pay may be granted by a creditor. In the instant case, the holder of the note was expressly given the right to extend the time for payment without losing any rights. *125 St. Charles Dairy v. Hayes, 233 La. 217, 96 So.2d 494, recognized the principle that attorney’s fees should not be allowed to collect a note which provided for attorney’s fees in the event it “becomes necessary to place the note in the hands of an attorney for collection or suit,” where the facts failed to show that it was necessary to employ an attorney to collect the note. Here the defendant-appellant notified plaintiff that he refused to pay the note before it was placed with an attorney for collection. Holstead v. Lewis, La.App., 160 So. 834, is distinguished for the same reason.
For these reasons, the judgment is affirmed at appellant’s cost.
Judgment affirmed.