SAMUEL, Judge.
This is a suit for $716.67, the total price of building materials sold by plaintiff to a Jessie M. Chehardy on March 28, 1967. The petition alleges the sale was made only because the sole defendant, Tac Amusement Company, guaranteed payment of the amount in suit, delivered its certified check therefor, and thereafter stopped payment on the check. The claim is based on the check which was not honored and, alternatively, on the alleged guarantee. After trial there was judgment as prayed in favor of plaintiff. Defendant has appealed.
The record reveals Chehardy was about to go into a restaurant-type business, formerly operated by others, near Covington, Louisiana and was engaged in some construction or repair work on the restaurant building preparatory thereto. He had made purchases from plaintiff’s Covington store on prior occasions, always on a cash basis. He had never been extended credit, nor had his credit ever been approved, by the plaintiff. The sale in suit was a cash transaction, or as expressed by a plaintiff witness, “C.O.D.” The materials were in part picked up by Chehardy and in part delivered to him by plaintiff. At the time he obtained the materials he paid for the same with defendant’s check.
Defendant was engaged in a business which involved the placing of its equipment in various “locations” such as bars, restaurants, etc. It was defendant’s' practice to loan money to the operators of their locations for the purpose of paying various obligations of the operators, including obligations incurred in connection with the improvement of the commercial property involved. Such a loan, consisting of several defendant checks each made payable to the Chehardys and to one of their creditors, was made by defendant to Chehardy on March 27 and 28, 1967.
The check in suit, one of those included in the above mentioned loan, was issued on March 28, 1967 in the amount of $716.67, the exact cost to Chehardy of the materials sold to him by plaintiff. When the check was issued the names of the payees, typewritten thereon, were “Joan Leaber Che-hardy-Jessie M. Chehardy & Hill-Beham [sic] Lumber”. However, when the check was given to plaintiff by Chehardy it had been endorsed by the two Chehardy payees, certified by the drawee bank, and the word “for” had been written by hand in ink over the symbol “&”.
The defendant then discovered Chehardy had altered some of its checks by deleting the name of the third payee, after which he cashed the checks and retained the money. For this reason it stopped payment on the check in suit, and others, “If altered in any way.”
The trial court judgment is based on a finding that plaintiff was a holder in due course. We agree plaintiff is entitled to the judgment in its favor, but we prefer to base our holding on other grounds.
*927 If defendant had promised to pay Che-hardy’s debt resulting from the sale and subsequent to that promise, and in reliance thereon, plaintiff would have made a credit sale to Chehardy, defendant would have been a primary obligor and responsible for the credit thus extended. Montelepre Memorial Hospital v. Kambur, La.App., 170 So.2d 214, and authorities cited therein; Custom Contract Company v. Nims, La.App., 145 So.2d 374; Quaintance v. Cook, La.App., 92 So.2d 504.
As we have said, Chehardy had never been extended credit, nor had his credit been approved, by the plaintiff and we are satisfied plaintiff would not have transferred the materials to him except after payment therefor. Here there was much more than a promise to pay the sales price. Defendant in fact undertook to make full payment upon delivery of the materials. And this was accomplished just as defendant intended. Despite the alteration of the check, it was transferred to plaintiff in the same manner, and with the same result, as would have been the case if there had been no alteration. Under these circumstances defendant is liable for the full amount of the sale price of the materials.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.