GULOTTA, Judge.
This matter involves a suit for the amount due for medical services rendered to defendant’s wife from whom defendant had been judicially separated. From a judgment in favor of plaintiff, defendant appeals.
The basis of plaintiff’s claim is a typewritten letter signed by defendant and dated January 20, 1969, the text of which reads:
“Dear Doctor:
“Please be advised that I will be personally responsible, through February 28, 1969, for the payment of any charges you might make in connection with the treatment of Mrs. Marian Slipman Loeb.
“I will also be responsible for the payment of any hospital charges, during the aforesaid period, should you find it necessary to hospitalize Mrs. Loeb in connection with your treatment of her.
“Very truly yours,
“/s/ HILBERT S. LOEB’.’
The facts surrounding this letter are that plaintiff, according to his testimony, when commencing treatment asked for some assurance as to who would be responsible for paying for his services to Mrs. Loeb. A petition for divorce had been filed on January 9, 1969, by defendant against his wife subsequent to a legal separation. Therefore, the community had been dissolved by the time plaintiff began treating Mrs. Loeb on January 16, 1969, and accordingly, defendant was absolved from any legal responsibility as a husband for this debt incurred by his wife at that time.[1] The effect of the letter, therefore, becomes significant.
Plaintiff stated that he did not personally discuss the matter of payment with defendant but rather talked to Herman Coleman, an attorney and brother-in-law of Mrs. Loeb, who played the role of “the go-between” in dealing with plaintiff and defendant. Defendant testified that on or about January 15, 1969, he had discussed with Coleman and Coleman’s wife the possible need for Mrs. Loeb to have additional psychiatric treatment. According to defendant, he agreed with the Colemans to pay for such care if he would in return *86 receive a complete report from Dr. Fleet-wood and if Mrs. Loeb would admit herself to the hospital. It is Loeb’s contention that the assumption by him of the responsibility for payment of the medical bill was predicated upon the fulfillment of the above conditions. However, it is significant that the conditions referred to by the defendant were discussions between himself and the Colemans and that the plaintiff was not a party to the discussions. It is significant also that the purported conditions were not made a part of the letter of authorization upon which the plaintiff relies for payment of the amount due.
Contrary to defendant’s suggestion, we fail to understand how any significance can be placed on the discussion with third parties about certain conditions affecting the payment of plaintiff’s bill for services rendered when the plaintiff was not a party to that discussion. Moreover, the conditions were not made a part of the letter in which the defendant assumed responsibility for the payment of the bill. It would have been a relatively simple matter to include the discussed conditions in the letter written to plaintiff, Dr. Fleetwood.
Clearly, we cannot give effect to the discussion between the defendant and the third party, Coleman, in determining the validity of a contract between the plaintiff and the defendant. We are mindful, furthermore, that Coleman was not called to testify concerning the purported conditions.
Although initially there was no obligation placed upon the defendant to pay for his wife’s medical services, Loeb subsequently obligated himself to pay by the letter dated January 20. Therefore, there is a primary obligation to pay the amount due.
In the case of Montelepre Memorial Hospital v. Kambur, 170 So.2d 214 (La.App. 4th Cir. 1964) this court concluded that a primary obligation existed when one not initially responsible assumed payment of hospital expenses of another. See also: authorities cited in Montelepre, supra; Quaintance v. Cook, 92 So.2d 504, 506 (La. App. 1st Cir. 1957) ; and language in Hill-Behan Lumber Co. v. Tac Amusement Co., 247 So.2d 925, 927 (La.App. 4th Cir. 1971).
Moreover, we find no merit in defendant’s contention that cause for the agreement was lacking. It is apparent that concern for the physical and mental condition of Mrs. Loeb in whose custody the children were placed is of concern to the defendant. The cause for the assumption of payment of medical expenses is obvious.
It is our determination, therefore, that the defendant entered into a contract with plaintiff in which he agreed to assume responsibility for the payment of fees for medical services rendered to Mrs. Loeb through February 28.
It is defendant’s contention that in the event it should be determined he is responsible to the plaintiff for medical services rendered, his responsibility was terminated on January 30 at which time he informed plaintiff by telephone that he was no longer further responsible for the payment of Mrs. Loeb’s medical bills. Defendant sought to offer testimony of this conversation in an attempt to reform the contract by changing its term from February 28 to January 30, thereby restricting his obligation thereunder to the earlier date. However, the trial judge sustained an objection to the offer on the grounds that parol evidence cannot be offered to vary, contradict, or alter the terms of a written contract. We are of the opinion that the trial judge properly excluded this evidence. Therefore, we cannot consider the testimony in this connection offered under a proffer made by the defendant. LSA-R.C.C. 2276; see Snow-White Roofs, Inc. v. Boucher, 182 So.2d 846, 847 (La.App. 4th Cir. 1966).
Accordingly, we find no merit in this contention. The judgment of the trial court is affirmed.
Affirmed.

. LSA-R.C.C. art. 155 was amended by Act 178 of 1962 to provide that a judgment of separation dissolves the community retroactive to the date on which the suit was filed and reads:
“The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the petition for same was filed, but such retroactive effect shall be without prejudice (a) to the liability of the community for the attorneys’ fees and costs' incurred by the wife in the action in which the judgment is rendered, or (b) to rights validly acquired in the interim between commencement of the action and recordation of the judgment. * * * ” (emphasis added)
LSA-R.C.C. art. 159 states :
“The effects of a divorce shall not only be the same as are determined in the case of a separation from bed and board, but it shall also dissolve forever the bonds of matrimony, between the parties, and place them in the same situation with respect to each other as if no marriage had ever been contracted between them.”