CHEHARDY, Judge.
Defendants, Medco Management Corporation (Medco) and Robert Harvey, appeal from a judgment for plaintiff, The Polo *DLXV Corporation, on a promissory note for $1,400, plus 8% interest per annum from October 31, 1977 and 20% attorney’s fees plus cost. Defendants allege failure of consideration for the $1,400 note given on September 29, 1977 in partial payment of compromise of differences between plaintiff and defendant arising out of work performed by plaintiff for defendant and money claimed by plaintiff for that work.
On June 3, 1976, plaintiff Polo entered into an agreement with defendant to do carpet work at the Claiborne Medical Center, 2706 Claiborne Avenue, for a price of $1,741.62. Plaintiff had also installed carpet for defendant at property owned by defendant on St. Philip Street.
Complaints arose regarding carpet installation at the St. Philip Street property and Claiborne Medical Center.
On March 18, 1977, defendant Harvey and Polo entered into another contract to replace carpet at St. Philip Street at no charge; to accept the Claiborne Medical Center problem as is; and to pay all balances due for Claiborne Medical Center upon completion of replacement of carpet at the St. Philip Street property.
On March 21, 1977, plaintiff and Pontchartrain Assets, Inc. (Pontchartrain), also entered into an agreement for installation of carpet by plaintiff at Pontchartrain’s property at 625-27 and 629-31 St. Philip Street for the price of $1,325.08. Defendant Robert Harvey is the owner of both Medco and Pontchartrain. This contract and the contract of June 3, 1976 provide for interest and attorney’s fees in the event of nonpayment.
To secure its rights, plaintiff on July 7, 1977 filed a lien for labor and materials against the St. Philip Street property owned by Pontchartrain and in which it had installed carpet. The lien affidavit for $3,066.70 also lists work performed at the Claiborne Avenue property owned by Med-co.
On September 29, 1977, defendant’s property at 625 St. Philip Street was to be sold, but plaintiff’s lien was an impediment to the sale. It is uncontested that in order to have the lien released, defendant Harvey did at the time of sale pay plaintiff $1,500 cash and execute a note for $1,400 with interest and attorney’s fees. This note is what is sued upon here.
Defendant-appellant argues a failure of consideration for the note and to support this position relies on a letter dated July 14, 1977, partial payments and other negotiations with plaintiff, all of which occurred prior to the transaction of September 29, 1977. Defendant additionally contends that he issued the note because the parties had agreed that plaintiff would correct defects in the carpet contract pointed out by defendant and that plaintiff has done no further work. It is apparent, and the record supports, that the trial judge did not believe defendant’s contentions.
The plaintiff received money claimed by it for work performed and canceled its lien against defendant’s property. Defendant paid plaintiff $1,500 cash and gave a promissory note for $1,400. It is the opinion of this court that the promissory note was given for a valuable consideration, to-wit, settlement of a debt owed plaintiff and forbearance by plaintiff from suing or judicially enforcing his claim against defendants. Plaintiff’s release of a valid lien on defendant’s St. Philip Street property enabled defendant to consummate its sale. R.S. 10:3-303 provides:
“A holder takes the instrument for value
(a) to the extent that the agreed consideration has been performed or that he acquires an interest in or a lien on the instrument by way of security otherwise than by legal process; or
(b) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due; or
(c) when he gives a negotiable instrument for it or makes an irrevocable commitment to a third person.”
In Andrews v. Williams, 281 So.2d 120, 122 (La.1973), the Court stated:
“Under the negotiable instruments law, ‘value is any consideration sufficient to *DLXVI support a simple contract’. La.R.S. 7:25. A promissory note for a sum agreed upon in compromise of a disputed claim is given for value and is supported by valid consideration. Stoltz v. Michel, 10 La.App. 346, 121 So. 673 (1929); cf. Hyman v. Succession of Parkerson, 140 La. 249, 72 So. 953 (1916). See decisions cited at 10 C.J.S. Bills and Notes § 151g(5). Forbearance from suing or judicially enforcing a claim may constitute valid consideration for a note. Robinson Lumber Co. v. Tracka & Boudreau, 173 La. 461, 137 So. 853 (1931); Quaintance v. Cook, 92 So.2d 504 (La.App. 1st Cir. 1957).”
The judgment appealed from is affirmed at appellant’s cost.

AFFIRMED.