473 So.2d 855 (1985)
Ann Saint Seale TURNEY
v.
T. Jay SEALE, III.
No. CA 84 0489.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
Rehearing Denied August 20, 1985.
*856 Keith B. Nordyke, Baton Rouge, for plaintiff-appellant.
Richard W. Watts, Franklinton, for defendant-appellee.
Before LOTTINGER, ALFORD and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This is a suit on a promissory note. From a judgment in favor of defendant, plaintiff appeals.

FACTS
Plaintiff, Ann Saint Seale Turney, and defendant, T. Jay Seale, III, were judicially separated on July 17, 1977. In the divorce judgment dated August 28, 1978, plaintiff was granted alimony in the sum of $600.00 monthly during the term of her graduate education.
Two years after the divorce, defendant offered plaintiff $7,200 in an attempt to achieve a lump sum settlement of future alimony payments. Plaintiff refused to accept the lump sum payment. A rule to terminate alimony was filed and heard on January 9, 1981.
On the date of the trial the parties reached a compromise whereby defendant would pay plaintiff $10,000, $5,000 to be paid immediately with the remaining $5,000 evidenced by a promissory note due on January 16, 1982.
Between the time of the compromise agreement and the due date of the promissory note, plaintiff married a man she had been dating since before the compromise. When defendant realized plaintiff had remarried, he refused to pay the promissory note. When the note matured and became due defendant failed to pay the $5,000. Defendant reasoned that based on plaintiff's remarriage he was no longer obligated to support her with alimony.
Plaintiff filed suit after the note was not paid. The trial court decided the matter in favor of defendant reasoning that regardless of whether the note existed or not, once plaintiff remarried her underlying right to alimony terminated.

ASSIGNMENTS OF ERROR
By way of this appeal plaintiff asserts the trial court erred:
*857 (1) in refusing to allow plaintiff to enforce the note given her by defendant;
(2) in failing to apply Louisiana law regarding negotiable instruments and to recognize plaintiff as a holder in due course;
(3) in finding a failure of consideration and in permitting this defense to be used against a holder in due course; and
(4) in failing to recognize that the note was part of a transaction and compromise which cannot be defeated by events occurring after the compromise was made.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these assignments of error plaintiff urges this court to recognize her as a holder in due course and to apply the laws on negotiable instruments to enforce the promissory note. Defendant, however, asserts that laws regarding negotiable instruments are not applicable to the facts in light of La.Civ.Code art. 160 which states that alimony shall terminate if the spouse to whom it has been awarded remarries or enters into open concubinage.
A maker of a note promises that he will pay the instrument according to its tenor at the time of its engagement. La. R.S. 10:3-413. The note was made by defendant to the order of "myself" and was endorsed by defendant.
The note is a negotiable instrument within the meaning of La.R.S. 10:3-104 in that it is signed by the maker, it contains an unconditional promise to pay a sum certain in money and no other promise; it is payable at a certain time; and it is payable to the order of "myself." Plaintiff qualifies as a holder in due course in accordance with La.R.S. 10:3-302 in that she is in possession of the note; took the note for value (an antecedent claim of past due alimony); in good faith; and without notice of any defense against or claim to it on the part of any person.

ASSIGNMENT OF ERROR NO. 3
Defendant asserts that regardless of the plaintiff's status as a holder in due course, the note must fall for failure of consideration, i.e., the remarriage of plaintiff. Defendant's contention is without merit in that failure of consideration can never be a defense against a holder in due course. La.R.S. 10:3-408; American Bank and Trust Co. v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La. App. 1st Cir.1984), on rehearing.
The promissory note in question contains standard language waiving the need for presentment for payment, demand, and notice of non-payment. Therefore, according to La.R.S. 10:3-122 a cause of action against defendant as maker of the instrument accrued on the day after maturity. Because this was a time instrument which was unpaid when due, plaintiff as a holder in due course was properly entitled to sue defendant for the amount of the note.

ASSIGNMENT OF ERROR NO. 4
Plaintiff argues the trial court erred in not recognizing that the note was part of a transaction and compromise which cannot be defeated by events occurring after the compromise.
During the hearing on the Rule to Terminate Alimony the parties mutually agreed on a settlement of the suit. The terms of the compromise agreement stated that defendant pay $5,000 to plaintiff immediately, and further, that defendant execute a promissory note for another $5,000 to become due a year from that date. The total exposure to defendant would have been $14,400. Therefore, the consideration for defendant in the compromise was to decrease his possible exposure by $4,400. Plaintiff also compromised her position by accepting less than the amount actually owed her in the interest of ending the litigation.
A transaction or compromise is an agreement between two or more persons who adjust their differences by mutual consent *858 in order to prevent or put an end to a lawsuit. This compromise must be either reduced to writing or recited in open court and capable of being transcribed from the record of the proceeding. La.Civ.Code art. 3071.
The agreement reached by the parties to this suit fulfills all the requirements set forth in article 3071. Each party gave up something of value in order to put an end to the litigation; additionally, the terms of the compromise were incorporated into the trial court's judgment.
In reasoning that this was a valid compromise between the parties, we further conclude that a promissory note based on the compromise of a disputed claim is given for value and is supported by valid consideration. Andrews v. Williams, 281 So.2d 120 (La.1973). Clearly, the promissory note executed by defendant is valid in form and is, therefore legally enforceable.

DECREE
Therefore, for the above and foregoing reasons IT IS ORDERED ADJUDGED and DECREED that the judgment of the trial court be and the same is hereby reversed, and that there be judgment in favor of plaintiff, Anne Saint Seale Turney, and against the defendant, T. Jay Seale, III, in the full sum of Five Thousand ($5,000.00) Dollars together with attorney's fees of 25% of the amount of the judgment, and for all costs of this proceeding in both the trial court and in this court.
REVERSED AND RENDERED.
REHEARING application by appellee, T. Jay Seale, is DENIED.
In applying for a rehearing, appellant, Ann Saint Seale Turney, has correctly pointed out that our original opinion failed to award interest as prayed for. Therefore, the judgment is amended to award legal interest from January 16, 1982, and as amended the opinion is reaffirmed and the rehearing is denied.