LOTTINGER, Judge.
This is a suit on a promissory note. From a judgment in favor of defendant, plaintiff appeals.
FACTS
Plaintiff-appellant, Daphne Dana Chancellor (now Richardson), and defendant-ap-pellee, Fred Chancellor, were divorced on April 28, 1982. Plaintiff had initially filed suit for divorce on December 16, 1981, on the grounds of living separate and apart for one year. She sought custody, child support and alimony. Mr. Chancellor answered the divorce suit and alleged fault on the part of his wife. Negotiations ensued between the parties and their attorneys, and around April 16, 1982, it was agreed that both parties would admit to mutual fault, thus precluding the wife from receiving alimony, and that Mr. Chancellor would sign a promissory note payable to Mrs. Chancellor (now Richardson) in twenty-five (25) monthly installments of $325.00 each.
*511 As soon as the divorce judgment was signed, finding mutual fault, Mr. Chancellor executed the subject promissory note dated April 28, 1982, in the principal amount of $8,125.00, and payable in 25 monthly installments of $325.00 each, bearing 10% per annum interest from May 1, 1984, and 25% attorney’s fees. The first installment was due on May 1, 1982, and Mr. Chancellor paid it plus the next five installments, when he discontinued paying. Mrs. Chancellor remarried on October 9, 1982. Upon defendant’s failure to continue paying the installments, plaintiff filed this suit.
The trial judge found that there was no consideration for the promissory note “for the simple reason that there was no obligation for alimony after the divorce on the grounds that the divorce was granted and, further, that if there had been a valid cause, or legal cause, that cause expired upon the remarriage of the plaintiff.”
I
We are convinced the trial judge was manifestly erroneous and clearly wrong as a matter of fact and in error as a matter of law.
It is clear from the testimony of the plaintiff and the defendant, as well as the correspondence between opposing counsel, that plaintiff sued for a divorce, the defendant answered arid sought only to prevent an alimony award in his wife’s favor, that plaintiff was only’ interested in alimony for a limited period of time, that both sides agreed that alimony could not be so limited, that defendant was willing to pay alimony or a certain amount of money monthly for a certain period of time, and that it was agreed between all parties that each would admit to mutual fault, precluding an alimony award, but that defendant would sign the subject promissory note.
Whether the wife could have proven her claim to alimony we will never know, because the parties compromised that portion of the divorce lawsuit. The compromise agreement was in essence the wife foregoing her attempt to prove her right to alimony in exchange for the husband giving her a promissory note. She got what she wanted, but gave up the possibility of alimony for a longer period of time. The husband got what he wanted, fault on the part of the wife, for his agreeing to pay for a limited period of time in the form of a promissory note. This was a valid compromise between the parties, and as such a legal cause or consideration for the promissory note. Andrews v. Williams, 281 So.2d 120 (La.1973); Turney v. Seale, 473 So.2d 855 (La.App.1985) on the Docket of this Court.
II
Additionally, we are of the opinion that the trial judge was in error in his reasoning “that if there had been a valid cause, or legal cause, that cause expired upon the remarriage of the plaintiff.” The cause or consideration of the promissory note was the putting to rest by compromise the amount of the alimony exposure of defendant. We find no evidence that the parties agreed, nor does the note contain any stipulation, that the monthly installments cease upon the remarriage of plaintiff.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and IT IS ORDERED, ADJUDGED and DECREED that there be judgment in favor of Daphne Dana Chancellor (now Richardson) and against Fred Chancellor for the sum of SIX THOUSAND ONE HUNDRED SEVENTY-FIVE ($6,175.00) DOLLARS, together with interest thereon at the rate of 10% per annum from May 1, 1984, until paid, and a sum equal to 25% of the total of said principal and interest as attorney’s fees, and for all costs of these proceedings in both this court and in the trial court.
REVERSED AND RENDERED.