## No. 384.

### JESSE T. MATTHEWS v. JAMES H. WILLIAMS.

Where there is a discrepancy between the allegation and the document made part of the petition, the latter controls.

Where promissory notes, prescribed on their face, represented the legal obligations of the defendant's father for borrowed money, and the defendant gave his own notes therefor, it was not a *nudum pactum*; there was a valid consideration. The son had the right, by natural mandate, to pay his father's debt, or to promise to pay it, and bind himself unconditionally, as he did. Let him be bound as he saw fit to bind himself.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. *Todd* and *Brigham*, for plaintiff and appellee. *D. C. Morgan*, for defendant and appellant.

WYLY, J. The defendant appeals from the judgment condemning him to pay the plaintiff the amount of a promissory note for $1003.

Our attention is called to the bill of exceptions taken by the defendant to the introduction of the note in evidence on the ground that it contradicted the allegation of the petition, saying that the note was made payable to and owned by the plaintiff, whereas on its face it showed that it was payable to J. A. Matthews. A like objection was made to the testimony of J. A. Matthews, showing that he was the payee of the note.

There is no force in this exception. These objections were frivolous. It is true there was an averment in the petition that the note was made payable to and owned by the petitioner, but the note was made part of the petition, and it showed that it was payable to J. A. Matthews or bearer. Where there is a discrepancy between the allegation and the document made part of the petition, the latter controls. Besides, this mistake in the pleading was corrected by a supplemental petition.

The defendant contends that he gave the note sued on in lieu of two notes made by his father; that this was an attempt at a novation of the two old notes by the substitution of a new debtor, without the knowledge of the former debtor, who was absent at the time; that this was a *nudum pactum*, there being no consideration, the old notes being prescribed. The old notes represented the legal obligations of

the father of the defendant for borrowed money; no plea of prescription had been opposed to them, although on their face they appeared to be five years past due. We think they were a valid consideration for the note given by the defendant. He had the right, by natural mandate, to pay his father's debt; he had the right to promise to pay it; he had the right to bind himself, as he did, unconditionally to do so. No fraud was practiced upon him; the face of the note showed that it was five years past due. Yet he was willing, and promised unconditionally, to pay it. As he saw fit to bind himself let him be bound.

Judgment affirmed.