No. 9766.
Orleans Appeal.

REIMANN MANUFACTURING CO., LTD., v. A. PUCCIO, Jr., Appellant.

(November 17, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Appeal, Par. 625; Evidence, Par. 53, 59.**

When the payee of a check sues the maker, who admits its execution and the consideration for which it was given, and who fails to prove as the only defense to the suit that the payee agreed to withhold presentation of the check for payment until the happening of a certain event, judgment in favor of payee will be affirmed.

Appeal from First City Court for the City of New Orleans, Section "B", Hon. Val J. Stentz, Judge.

This is a suit for collection of check. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

Clancy A. Latham, attorney for plaintiff and appellee.

J. L. Brent Bodfish, attorney for defendant and appellant.

BELL, J. This is a suit on a claim for $114.00, with interest, etc., represented by a check signed by defendant in favor of plaintiff and alleged in the petition to have been given for valuable consideration.

The defendant excepts to the petition, pleading vagueness and that the petition discloses no cause of action.

Answering to the merits of the suit, defendant admits the giving of the check and pleads no defense to the indebtedness sued upon, except that it was given in payment of a judgment obtained by plaintiff against defendant's father. Defendant's purpose in assuming this debt or attempting to discharge the same, was that certain real estate previously owned by his father and transferred by the father to a third party, had in turn been bought by defendant from the third party, and it was necessary, in order to obtain a clear title, to discharge the judgment against the father recorded against the property. It is alleged in the answer that the check was given to plaintiff with the instruction that plaintiff should hold it until defendant could ascertain the truth or not of the existence of the outstanding lien.

We find from the record a preponderance of evidence to the effect that the check was not given by defendant with any such condition, and that it was defendant's expressed purpose to pay the debt of his father and to relieve the property of the lien in question. It is therefore, plain that a valid consideration for the indebtedness existed, and we find from the record no valid defense upon which the liability therefor can be avoided.

The exceptions filed in this case were properly overruled, and there is no error in the judgment on the merits.

It is, therefore, ordered that the judgment appealed from be and the same is hereby affirmed, at defendant's costs in both courts.