No. 2146

Second Circuit Appeal

---

STATE OF LOUISIANA v. LOUISIANA RY. & NAV. CO.

---

(January 19, 1925, Opinion and Decree)
(March 30, 1925 Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 62.**

An exception no cause of action is properly sustained where a petition in a suit under Act No. 31 of 1920, which levys a tax on all persons, firms or corporations, or associations of persons engaged in the business of severing natural resources from the soil or water, does not contain an allegation that the defendant is a person, firm, or corporation engaged in the business of severing natural resources from the soil or water.

Appeal from the Thirteenth Judicial District Court of Louisiana, Parish of Grant. Hon. J. A. Williams, Judge.

REYNOLDS, J.

Action to require defendant to show cause why it should not pay a severance license tax for the year 1920, and penalties and attorneys' fees.

Defendant filed an exception of no cause of action, and later, after reserving all his rights under his exception of no cause of action, filed an answer.

On final trial on the merits, the exception of no cause of action was sustained.

Plaintiff appealed.

Judgment affirmed.

Jones & Schowalter, attorneys for plaintiff, appellant.

Peterman, Dear & Peterman, of Alexandria, attorneys for defendant, appellee.

Plaintiff filed this suit to require the defendant to show cause why it should not pay a severance license tax and penalties and attorney's fees on gravel and strippings removed from gravel pit in Grant parish, La., in 1920, and for judgment condemning the defendant to pay the plaintiff a license tax on all gravel and strippings removed.

Defendant filed an exception of no cause of action.

This exception was tried by Judge Levin L. Hooe and overruled.

Defendant, after reserving all his rights under its exception, filed an answer.

This case was then tried by Judge J. A. Williams, and after trial on the merits Judge Williams sustained the exception of no cause of action.

OPINION.

In this suit to compel defendant to pay a severance license tax, the law fixing the tax must be our guide.

The tax in question is authorized by Article 229 of the Constitution of 1913— the constitution in effect at the time this suit was filed—which provides the General Assembly may levy a license tax on those

engaged in the business of severing natural resources from the soil or water.

Under this article of the Constitution, Act No. 31 of 1920 was enacted and is the act under which this suit was brought.

This act, according to its title, as well as the body of the act, is to levy a license tax upon all persons, firms or corporations, or associations of persons engaged in the business of severing natural resources from the soil or water.

There is no allegation in plaintiff's petition that the defendant is a person, firm or corporation engaged in the business of severing natural resources from the soil or water.

The exception of "no cause of action" was properly sustained.

Plaintiff insists that the pleadings were extended by evidence introduced without objection, but if this be true, on which point we express no opinion at this time, still there was no evidence showing that the defendant was a person, firm or corporation engaged in the business of severing natural resources from the soil or water.

It is not contended that the defendant sold gravel except to the Police Jury for road improvements. This in our opinion does not show that the defendant was a person, firm or corporation engaged in the business of severing natural resources from the soil or water.

State vs. Boston Club, 25 La. Ann. 585.

State vs. Chess Club, 116 La. 46, 40 South. 526.

For these reasons the judgment of the lower court sustaining the exception of "no cause of action" is affirmed at plaintiff's cost.