(120 So. 284)

No. 28351.

## WM. T. HARDIE & CO. v. HARRISON et al.

Jan. 2, 1929.

Rehearing Denied Jan. 28, 1929.

Phanor Breazeale, of Natchitoches, John A. & R. B. Williams, of Colfax, and John D. Miller, of New Orleans, for appellant.

Peterman, Dear & Peterman, of Alexandria, for appellee L. J. Harrison.

ROGERS, J. This is a suit for the recovery of $5,711.86 alleged to be the balance due on four past-due promissory notes for $2,500 each, signed by the defendants and payable to the order of the plaintiff. Defendants denied liability on the ground the notes were executed without consideration. In the alternative, they pleaded payment and res judicata. The court below rejected plaintiff's demand, and plaintiff has appealed.

The defendants, O. P. Harrison and L. J. Harrison, are the sole surviving children and heirs of W. O. Harrison, who died in the month of May, 1920. At the time of his death, W. O. Harrison was indebted to the plaintiff copartnership for approximately $25,000, represented by a promissory note for $12,500 and the remainder by an open account. O. P. Harrison qualified as the administrator of his father's succession and continued to operate his business. In the course of the administration certain payments were made on account of the indebtedness due plaintiff, so that in the early part of the year 1922 it was reduced to $6,639.15 on the principal of the note and to approximately $10,000 on the open account. The notes herein sued on were executed about this time and were signed as follows, viz.:

"W. O. Harrison estate.

"O. P. Harrison—Adm. & Myself.

"L. J. Harrison—Atty. & Myself."

The defense of lack of consideration is based solely on the ground that the notes sued on represent an indebtedness of the succession of W. O. Harrison and not an indebtedness of the defendants, who received no pecuniary return for executing the instruments. The defense is not well founded. Defendants are the children and sole heirs of their father, the primary obligor. They not only had the right, by a natural mandate, to bind themselves for their father's debt, Matthews v. Williams, 25 La. Ann. 585, but it was also to their manifest advantage to do so, as his

heirs, in order to obtain the extension of time, resulting from the execution of the notes, within which to discharge that debt. Subsequent to the maturity of the instruments, a written agreement was entered into between the defendants and the plaintiffs, represented by their attorneys, in which it was declared and acknowledged that the entire and enforceable debt due by the succession of W. O. Harrison and by defendants as the heirs to the succession consisted of the balance due on the notes herein sued on and the original note of $12,500, referred to supra, amounting to $14,736.04. It was further agreed, in the instrument, that the indebtedness should be paid in four installments on certain fixed dates, with the right reserved to the plaintiffs, upon the failure of defendants to make the payments, to apply to the courts for the enforcement "of the entire debt against the succession of W. O. Harrison and O. P. Harrison and J. L. Harrison in principal, interest, costs and attorney fees." This agreement was executed on April 19, 1923, and from May 20, 1923, to March 21, 1924, both inclusive, payments aggregating $10,950 were made by the administrator of the succession of W. O. Harrison on account of the indebtedness, leaving the balance due on the date last named of $5,711.86, which is the amount herein claimed by plaintiffs.

Defendants objected to the admission in evidence of the agreement on the ground that the basis of the suit was the notes and not the agreement. The objection was overruled. We think the ruling was correct. The agreement was admissible, if for no other purpose, against defendants' plea of want of consideration, and to show the true facts concerning the relations existing between the parties litigant.

The alternative defense of payment is also untenable. The evidence shows that the defendants themselves made no payment whatever on account of their indebtedness. The payments made by the administrator aft-

er the execution of the written agreement, referred to supra, were, in accordance with course of dealing between the parties, applied to the extinguishment of the note for $12,500; the overplus being credited on the notes signed by the defendants. Moreover, since defendants were bound in solido for the payment of all of the notes, we do not see wherein they were prejudiced by the plaintiffs' method of imputing the payments made thereon.

The alternative defense of res judicata is not argued in defendants' brief, and it is therefore unnecessary for us to discuss it.

Our conclusion is that the judgment of the court below must be reversed.

Subsequent to the filing of the transcript of appeal, W. T. Hardie, one of the partners in the plaintiff firm, died, and Eben Hardie, the other partner, as liquidator was substituted as a party plaintiff. Later, Eben Hardie died, and as the liquidation of the plaintiff was completed, no other liquidator was appointed, the only asset of the firm being the claim asserted in this proceeding; one-half of which is owned by the widow and heirs of W. T. Hardie, viz., the heirs of Eben Hardie, as hereinafter named, and Ella F. Hardie, B. Palmer Hardie, and Ella Mangum Hardie, and the other one-half of which is owned by Mrs. Flora Sanders, widow of Eben Hardie, four-sixths, Eben Hardie, Jr., Flora Sanders Hardie, and William Tipton Hardie and Charlotte Mary Hardie, minors, represented by their mother and tutrix, in the proportion of one-twelfth each. O. P. Harrison, one of the defendants, also died, pending the appeal, and a motion was made to substitute his wife, individually and as administratrix of his succession, as a party defendant. On her opposition to the motion, the attorneys for the parties litigant have agreed in writing, which agreement is filed in this court, that the motion be overruled without prejudice to plaintiff's rights against the creditors or heirs of the deceased, O. P. Har-

rison; the present suit being solely prosecuted against the remaining defendant, L. J. Harrison.

For the reasons assigned, the rule to make Mrs. Angie Harrison, widow of O. P. Harrison, individually and as administratrix of the succession of O. P. Harrison, a party defendant is overruled, without prejudice to plaintiff's rights against the creditors or heirs of the deceased, O. P. Harrison; the judgment appealed from is annulled; and it is now ordered that there be judgment in favor of the plaintiffs Ella F. Hardie, B. Palmer Hardie, and Ella Mangum Hardie, in the proportion of an undivided $12/96$ interest each, Mrs. Flora Sanders Hardie, widow of Eben Hardie, in the proportion of an undivided $40/96$ interest, Eben Hardie, Jr., Flora Sanders Hardie and William Tipton Hardie and Charlotte Mary Hardie (minors), through their mother and tutrix, Mrs. Flora Sanders Hardie, children of Eben Hardie, Sr., in the proportion of an undivided $5/96$ interest each, against the defendant Lloyd J. Harrison in the full sum of $5,711.86, with 8 per cent. per annum interest thereon from March 20, 1924, until paid, and 10 per cent. additional on principal and interest as attorneys' fees, and for all costs of suit.