TATE, Judge.
This suit upon a promissory note and an unpaid check is for monied judgment for the sum of $1,251.77, interest, and (the note’s) attorney’s fees; and also for recognition of a lien and privilege on a used GMC diesel motor unit per chattel mortgage securing the note. The plaintiff alleged that the note and check were given in payment of certain repairs, parts, and labor furnished to overhaul the aforesaid diesel motor.
Defendant’s answer admitted signing the check, note, and chattel mortgage, but alleged in defense that said instruments were obtained by fraud and misrepresentation and further that no consideration was given therefor. Defendant alleges and sought to prove that the instruments sued upon were given for purchase of the motor delivered to him by plaintiff, which motor in fact belonged to defendant’s father.
From judgment as prayed for in favor of plaintiff, defendant has perfected this devolutive appeal.
We believe that the evidence supports the factual conclusion of the trial court that an agent of the plaintiff, Fred Hale Machinery Company, picked up the GMC diesel unit at Angie, La., from R.' H. Fornea, father of defendant, for a motor overhaul job, and brought same to plaintiff’s repair shop in Baton Rouge; that while said motor was at Baton Rouge, defendant, Thomas Earl Fornea, called plaintiff’s office and requested repair and delivery of the motor to him at Amite; that plaintiff knew that both R. H. Fornea, father, and Thomas Earl Fornea, son and defendant^ operated sawmills in the same vicinity; that plaintiff Hale assumed correctly that'Thomas Earl Fornea and R. H. Fornea had made an arrangement for the motor to be delivered to the son and repairs paid for by him, and that under the circumstances it was reasonable for plaintiff Hale to' assume that defendant owned the motor or an interest therein.
The trial court could not believe, nor can we, that the defendant did not know the motor delivered to him belonged to his father until sometime after same was delivered to defendant (when allegedly defendant’s father recognized the motor by' certain scratches thereon, and brought same to the father’s domicile and place of business in Mississippi, where the motor now is).
*126 A check or note given by a son to pay his father’s debt is supported by valid consideration, Hardie & Co. v. Harrison, 167 La. 753, 120 So. 284; Matthews v. Williams, 25 La.Ann. 585; Reimann Manufacturing Co. v. Puccio, 1 La.App. 153. Furthermore, the burden of proof is on the defendant both to prove fraud; and also to prove that he affixed his signature to the check and to the promissory note without having received value therefor, LSA-R.S. 7:24, Reconstruction Finance Corp. v. Hutchinson, La.App. 1 Cir., 1 So.2d 423. Certainly the improbable story of the illegal attempted sale of defendant’s father’s property by plaintiff to defendant is not sufficient to bear this burden and to overcome the legal presumption that a valuable consideration was given by plaintiff.
The principal question for our determination is whether the parol evidence proving the actual transaction is admissible allegedly to vary or contradict the averments in an acknowledged private act, Articles 2242, 2276, LSA-Civil Code.
The defendant objected under Article 2276, LSA-Civil Code, to admissibility of any parol testimony to contradict the alleged sale of the diesel motor by plaintiff to defendant, since the note being sued upon was secured by an acknowledged instrument entitled “Sale and Chattel Mortgage” (printed GMAC Form 10512) in which plaintiff stated that he did “hereby sell, convey and deliver” said motor unto defendant. (Plaintiff testified that the form used inadvertently was a stock form furnished by GMAC, and that the parts and repairs were sold, not the unit itself.)
However, Article 1900, LSA-Civil Code, provides:
“If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.”
The real and true consideration to support a contractual obligation may always be shown by parol evidence, even though the consideration may be different than that expressed in the act, Cleveland v. Westmoreland, 191 La. 863, 186 So. 593; Dartez v. Meaux, La.App. 1 Cir., 44 So.2d 147, see also Hebert v. Lazarus “Some Problems Regarding Price in the Louisiana Law of Sales” 4 La. Law Review 378, 388-396, although such parol evidence might not be admissible to defeat the validity of the contract. Under the many authorities cited therein, plaintiff can certainly counter by parol proof of the actual consideration furnished, any attempted invalidation by defendant of defendant’s written obligation to pay $1,251.-77 on the alleged ground that plaintiff furnished no consideration therefor.
Furthermore, when as here an act is attacked as fraudulent, parol evidence is admissible not only to prove the allegation of fraud, but also to rebut same, Jackson v. Hays, 14 La.Ann. 577; Fouque’s Syndics v. Vigniaud, 6 Mart., O.S., 423.
The trial judge in his judgment granted monied judgment in favor of plaintiff, and also recognized a lien and privilege on the property in favor of plaintiff. We think that he erred in recognizing the privilege on the machinery, as the proof indicates that the diesel unit did not belong to the defendant, Thomas Earl Fornea, and therefore he could not mortgage the unit.
Therefore, the judgment of the trial court is amended insofar as- it recognized any lien and privilege of plaintiff upon the GMC diesel motor referred to therein, but is affirmed in all other particulars; all costs of these proceedings are to be paid by the defendant, Thomas Earl Fornea.