TATE, Judge.
This is a suit to foreclose a mortgage securing a note in the amount of $1540. The defendant’s answer pleaded that no consideration had been given for the note and that it was signed through error and *42 misrepresentation.[1] The plaintiffs foreclosure suit was dismissed, and he appeals.
The oral evidence was not transcribed. However, a stipulation of facts was entered into by the parties subsequent to the trial, and our learned trial brother, in his reasons for denying a new trial, fully stated the pertinent facts and his reasons for judgment as follows:
“This entire transaction started out when Nelson Bordelon, the father of the defendant herein, wished to borrow $3,000 from the Guaranty Bank and Trust Company of Alexandria, Louisiana and induced Wilfred Dauzat [the plaintiff herein] to sign as endorser on the note.
“As security to Dauzat for his endorsement on the $3,000 Guaranty note, Nelson Bordelon executed a $1500 note secured by a mortgage on a piece of property owned by Nelson Bordelon and also made a note in the sum of $1500 and attempted to secure this note by giving a mortgage on a piece of property [The Day Street lot] owned by Richard J. Bordelon, his son, and the defendant herein. The mortgage on Richard Bordelon’s property was not signed by Richard but was signed by Nelson Borde-lon. [NOTE: However, the stipulation of facts shows that Nelson Bordelon, the father, owned the Day Street lot at the time he executed the mortgage on it to< Dauzat. This mortgage was not recorded, however, until after Nelson Bordelon sold the lot to his son, Richard, the present defendant.]
“Sometime after the execution of the mortgage on Richard Bordelon’s property Richard Bordelon wished to make a sale of the property and because this mortgage acted as a cloud on the title he wished to have it removed. Before Dauzat would consent to the erasure of this mortgage he forced Richard Bordelon to execute a new note and new mortgage on a piece of property owned by Richard Bordelon. It is on this new note and mortgage that Wilfred' Dauzat seeks to recover judgment. At the time of the execution of the note and mortgage by Richard Bordelon the old $1500 note given by Nelson Bordelon was turned over to Richard Bordelon.
[The stipulation of facts amplifies the circumstances surrounding this transaction as follows: The prior mortgage on the Day Street property (executed by Nelson Bordelon in favor of the plaintiff Dauzat) was “recorded after the transfer [of the lot by the father] to Richard J. Bordelon. Subsequently, Richard Bordelon proposed to sell the Day Street property and in setting up negotiations for it discovered that the mortgage held by Dauzat had been recorded. This, of course, stopped the sale Richard Bordelon had started negotiations on. Dauzat was approached about cancel-ling this mortgage and ultimately the Day Street property was sold to Dauzat rather than the proposed buyer that Richard had originally negotiated with.” A certified copy of the sale of the Day Street lot from the defendant Richard J. Bordelon to the plaintiff Dauzat is in the record; as sole consideration for such sale, it shows the assumption by Dauzat of a first mortgage in the amount of $6,227 on the property.]
“Richard Bordelon contends that the note is completely null and void and that the mortgage securing the note is likewise null and void all for the failure of consideration. Dauzat contends that there was consideration given in that at the time of the execution of the second note the old note signed by Nelson Bordelon was turned over to Richard Bordelon and this was the consideration. It is contended that since Richard Bordelon was given this $1500 note executed by his father that Dauzat gave up something of value to Richard Bordelon *43 and this constitutes the consideration. By no stretch of imagination can it be said that Richard Bordelon has profited at all in the transaction. It is no profit to give a person a note for $1500 and receive in exchange therefor another note in a like amount. It is of no consideration that the invalid mortgage on Richard Bordelon’s property was erased * * *.
“The Court does not feel that this note of Nelson Bordelon given to Richard Bor-delon was given to Richard Bordelon for the purposes of collection. The note was given in order that it could be turned over to the Clerk of Court for the mortgage to be erased. The only way for the mortgage to be erased is for this note to be surrendered to the Clerk of Court. When Richard Bordelon then surrenders this note to the Clerk of Court to have the mortgage erased he certainly cannot collect on the note.
“Wilfred Dauzat has not given up any consideration whatsoever. The $1500 note that he gave to Richard Bordelon was only to secure a portion of the $3,000 note to the Guaranty Bank & Trust Company. When Nelson Bordelon failed to pay the Guaranty Bank & Trust Company at the time the note became due, Wilfred Dauzat as an endorser was called upon by the Guaranty Bank and paid the note off. At the time of this transaction the Guaranty Bank & Trust Company assigned all of its right, title and interest to Wilfred Dauzat, therefore Wilfred Dauzat still holds the only thing of value that he had in the very beginning. Wilfred Dauzat can execute upon this $3,000 note against Nelson Bordelon. This $3,000 note is the original obligation and it is still possessed by Wilfred Dauzat. Therefore, he lost nothing when he gave the $1500 Nelson Bordelon note to Richard Bordelon.” [Italics ours.]
Succinctly, then, the issue is whether valid consideration for the present note now sued upon was furnished by the plaintiff Dauzat’s surrender to the new note’s maker of the earlier Nelson Bordelon note, in exchange for the present note in approximately the same amount signed by the defendant Richard Bordelon (Nelson’s son).
The trial court held that the surrender and cancellation of the old note did not, under the circumstances shown, constitute consideration for the new note. With some regret, we must differ from our learned trial brother.
Our Negotiable Instruments Law provides that “Every negotiable- instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value,” LSA-R.S. 7:24. It further provides that “Value is any consideration sufficient to support a simple contract. An antecedent or preexisting debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time,” LSA-R.S. 7:25.
As noted at 10 C.J.S. Bills and Notes § 149, pp. 603-604: “The exchange of another instrument or evidence of indebtedness for a bill or note is sufficient consideration to support the latter, unless the paper or instrument exchanged is for some reason void or illegal or unenforceable. Hence, a bill or note has been held supported by consideration when there has been given in exchange therefor another bill or note whether executed or drawn by payee or a third person * * (Italics ours.)
Further, “A check or note given by a son to pay his father’s debt is supported by valid consideration [Citations omitted.],” Hale v. Fornea, La.App. 1 Cir., 79 So.2d 124, 126; and, “a note given to pay a third person’s debt is supported by valid consideration * * *; [Citations omitted.],” Quaintance v. Cook, La.App. 1 Cir., 92 So.2d 504, 506.
Reverting to the present facts, the plaintiff Dauzat had signed as an accommodation maker or endorser of a note executed by Nelson Bordelon in the amount of $3,000.' To protect himself in the event he would be required to pay Nelson Bordelon’s note, *44 Dauzat secured from Nelson Bordelon two notes in the amount of $1500 each, each secured by a mortgage on a lot owned at the time by Nelson Bordelon. One of the $1500 notes was secured by a mortgage on the Day Street lot (the other by a mortgage on another lot.)
These $1500 notes were supported by value or consideration, being Dauzat’s contingent liability to pay Nelson Bordelon’s $3000 note (as an accommodation party to it, LSA-R.S. 7:29) if Nelson Bordelon failed to. (In fact, Dauzat was required to pay the note upon Nelson Bordelon’s failure to pay it at its maturity.) As stated at 10 C.J.S. Bills and Notes § 150 at p. 606, “a note may be supported by consideration where it is given for a contingent liability not yet absolute * * ⅜.”
Thus, under the authorities cited, even though Richard Bordelon did not himself personally profit when he obtained his father’s $1500 note in return for the one he executed in favor of the plaintiff, his own note was supported by consideration' and deemed issued for value when exchanged for his father’s note, which was then can-celled. It matters not that the mortgage intended to secure the original $1500 note was unenforceable for the reason that Nelson Bordelon, the maker of the note and owner of the property, had sold the property to his son, the present defendant, before Dauzat recorded the mortgage: for, although a mortgage is merely accessory to a principal obligation and is not enforceable in the absence of a valid and enforceable principal obligation, LSA-C.C. Arts. 3284, 3285, nevertheless the principal obligation itself—in this case, the $1500 Nelson Bordelon note—is an enforceable obligation, even though the mortgage designed to secure it is invalid.
Finally, it is also suggested that Wilfred Dauzat has not given up anything of value as consideration for the present note because, having paid Nelson Bordelon’s $3,000 note at maturity upon the latter’s failure to do so, he can still collect the full amount of the liability which the two accessory $1500 notes executed by Nelson Bordelon were designed to secure (one of which was exchanged for the present note signed by Richard Bordelon).
While of course Dauzat cannot collect both the principal $3000 note and the two accessory notes given as collateral security, nevertheless the parties contracted to give the plaintiff Dauzat the alternative of enforcing the obligations represented by the accessory collateral notes, instead of being relegated solely to his rights to demand indemnification or to sue upon the principal note itself (as an accommodation party against the party accommodated), see 11 C.J.S. Bills and Notes § 750a, p. 314 and LSA-C.C. Art. 3052. As consideration for the present note executed by the present defendant, the plaintiff Dauzat surrendered a note executed by the defendant’s father, which by the parties’ contract was to afford Dauzat an alternative remedy and an additional security to the rights afforded him by law as an accommodation party called upon to pay the debt of another.
Just because Dauzat could have instead enforced the maker’s principal obligation to him, we cannot say that the bargained-for additional obligation represented by this note, intended to secure payment of the principal debt, was of no value to Dauzat, when by it the note’s maker was actually bound to pay Dauzat. The surrendered note thus had bargained-for value as an accessory or alternative remedy to collect any amounts Dauzat was called upon to pay on behalf of Bordelon, and under the authorities discussed the surrender of this note for cancellation furnished valid consideration for the new note exchanged for it and now sued upon.
The trial court did not sustain the defendant’s attack upon the note presently sued upon as having been signed through error and misrepresentation. We find nothing in the record to warrant a different conclusion.

*45
Decree.

For the foregoing reasons, the judgment of the trial court dismissing the plaintiff’s suit is reversed. Accordingly, judgment is rendered herein in favor of your petitioner, Wilfred J. Dauzat, and against the defendant Richard J. Bordelon, in the full sum of ONE THOUSAND FIVE HUNDRED FORTY AND NO/lOO ($1,540.00) DOLLARS, together with eight per cent (8%) per annum interest thereon from November 6, 1959 until paid, and for ten per cent (10%) of principal and interest due as attorney’s fees, and for all costs of these proceedings.
The petitioner’s special mortgage is further recognized and maintained upon the following described property located in Rapides Parish:
A certain piece, parcel or tract of land together with all buildings and improvements thereon and all rights, ways and privileges thereunto appertaining, being particularly described as follows:
Lot Five (5), fronting 104 feet on Donahue Ferry Road, having a depth of 417 feet and a rear width of 104 feet, of Lillian Harper Estate — Pineville, City of, as per Survey of Howard Heraux, C. E. dated July 18, 1941 as shown in Conveyance Book Two Hundred Seventy 270, Page 303, Records of Rapides Parish, La.
It is further ordered that this property, after judgment, be seized, advertised and sold, for cash, with appraisement, to the last and highest bidder in accordance with law, and that out of the proceeds of said sale, petitioner’s claim in principal, interest, attorney’s fees, and costs to be paid with preference according to law.
The defendant-appellee is assessed with all costs of the lower court and of this appeal.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.

. By a companion suit, Bordelon, the present defendant; sought on the same grounds to have the note and mortgage cancelled; the appeal in this companipn suit was consolidated for argument with the present appeal, and decision therein is rendered this same date, for the reasons stated in this opinion. Bordelon v. Dauzat, La.App., 145 So.2d 45.