286 So.2d 158 (1973)
Earl R. GRAHAM
v.
Emile G. EZELL.
No. 9523.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
*159 R. Paul Greene, Baton Rouge, for appellant.
Gerard E. Kiefer, Baton Rouge, for appellee.
Before SARTAIN, TUCKER and WATSON, JJ.
TUCKER, Judge.
This is a suit by Earl R. Graham on a promissory note signed by defendant Emile G. Ezell given to bind himself to a Purchase Agreement to buy the Fiesta Motel in West Baton Rouge Parish from Clifton Carter Welch, who is not a party to this suit, for the sale price of $295,000.00. The note sued upon is in the amount of $17,700.00, and was made payable to the realtor who negotiated the sale, Earl R. Graham, in accordance with the terms of the Purchase Agreement, as follows:
".............. $17,700.00 to be paid directly to Earl R. Graham Realty by execution of a note bearing interest at the rate of 8% per annum from date, payable at the rate of $200.00 per month, including principal and interest. The balance to be paid in cash at sale..........."
The sale for which the purchase agreement was negotiated did not eventuate, and defendant never made any payments on the note which forms the basis for this suit. In the trial court the defendant raised the defenses of lack of consideration for the note and failure of consideration. Judgment was given in the plaintiff's favor, and an appeal was taken and perfected to this court on the same basis of the lack of consideration and/or failure of consideration for the note sued upon.
Plaintiff's petition alleges that the consideration for the note was money loaned in advance to the defendant. In defendant's answer and in the note itself it is stated that the note was given as a good faith deposit to ensure the sale of the Fiesta Motel. In his written reasons for judgment the trial judge stated: "The terms and provisions of the agreement to purchase together with the testimony in this case have convinced the Court that it was the intention of the parties to use defendant's note as a deposit and to give the note which was made payable to plaintiff to him as his commission."
We concur in this opinion. Although it was not the usual manner of handling such financial arrangements, we discover from the testimony the reasons for it. The seller in this case, Mr. Welch, was ill and very anxious to sell his motel. The realtor, plaintiff herein, who happened to be Mr. Welch's uncle, was eager to help him, to the extent that he agreed to reduce his fee below his usual 10%. Mr. Welch did not have the cash with which to pay the realtor's fee; so it was agreed among the three parties, as revealed by the testimony, that Mr. Graham's realtor's fee would be set at $17,700.00, and that defendant Ezell would give Graham a note directly, which would also serve as a good faith deposit and down payment on the sale of the Fiesta Motel. The trial judge concluded that at the time the note was made, the plaintiff had earned his realtor's commission. He had brought the two parties, Mr. Ezell and Mr. Welch, together. He had negotiated the sale, taken them to the attorney's office, and seen that the purchase *160 agreement was negotiated. The fact that the sale was never consummated was not his fault. His work ended when the Purchase Agreement was signed. The vendor is usually obligated to pay the real estate agent's fee, but a check or note given to pay the debt of a third person is supported by valid consideration. Dauzat v. Bordelon, 145 So.2d 41 (La.App.3d Cir. 1962). Accepting that the commission was a debt of the vendor, it became due and payable at the time that Mr. Graham completed his work; hence his debt formed a valid consideration for defendant's obligation, irrespective of the contemplated sale.
The trial court also rejected defendant's second defense of failure of consideration subsequent to the execution of the instrument in that the sale, or suspensive condition, for which the note was given was never consummated. The defendant objected strenuously to the fact that the trial judge reopened the trial to take testimony on the point of why the sale was not consummated, charging that this was a matter of interest only between Mr. Ezell and Mr. Welch, who was not a party to the suit. Since the defendant had obligated himself personally to pay the realtor's commission should he fail to comply with the terms of the purchase agreement, we hold that the trial court was correct in reopening the trial for admission of testimony as to the reasons for the failure of the sale. It was of direct interest as between plaintiff and defendant.
The evidence subsequently admitted revealed that the sale was never consummated due to the defendant's refusal to sign the act of sale after it was prepared. In finding that the evidence preponderated to show that it was the defendant maker's failure to perform which prevented the sale, the trial judge stated the following:
"Defendant urged that a dispute arose with regard to certain movable items of equipment. Both plaintiff and Mr. Welch state categorically that there was no meeting of any kind and no conversation or communication with the defendant with respect to these items subsequent to the agreement to purchase.
Mr. Graham stated that he notified defendant on six to eight occasions that the sale was ready to pass and that on none of these occasions did defendant make any mention of dissatisfaction with regard to the movable items. It is also significant that the property description in the agreement to purchase makes no mention of any such items. ............"
We agree with the trial court that the evidentiary record reflects there was a valid consideration for the note, and there was no failure of consideration subsequent to its execution, and defendant's problems were self-imposed by his failure to carry through the transaction, accept and sign the deed to the property which was proffered to him.
For the foregoing reasons the judgment of the trial court is affirmed at the defendant-appellant's costs.
Affirmed.