862 So.2d 469 (2003)
Charles W. REDDEN and Red Bear Broadcasting Corp., Plaintiff-Appellees,
v.
Paul H. RIPLEY, Jr., Defendant-Appellant.
No. 37,905-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
Rehearing Denied January 22, 2004.
*471 George E. Harp, Shreveport, for Appellant.
Guerriero & Guerriero by Joe D. Guerriero, Monroe, for Appellees.
Before DREW, MOORE and LOLLEY, JJ.
MOORE, J.
The defendant, Paul H. Ripley Jr., appeals a summary judgment that awarded damages of $30,000 and attorney fees of $2,000 to the plaintiffs, Charles W. Redden and Red Bear Broadcasting Corp., arising from a dishonored check for $15,000 that Ripley made to Redden. For the reasons expressed, we affirm in part and reverse in part.

Procedural Background
Red Bear operated a radio station. Through its agent, Redden, Red Bear leased air time to Liberty Works Radio Network, an unincorporated association organized under the laws of Maryland. Liberty Works' sole fiduciary was John B. Kotmair Jr. By September 2001, Liberty Works had fallen seven months behind on its lease and was in arrears some $24,500.
On September 29, 2001, Ripley, a friend of Kotmair's, issued a check payable to the order of Redden, drawn on an account at Prince George's Federal Savings Bank of Upper Marlboro, Maryland. The drawee bank dishonored the check on October 5, marking it "Uncollected Funds." On September 17, 2002, Redden's counsel sent the following letter to Ripley by certified mail to the address handwritten on the check:
Dear Mr. Ripley:
You are hereby notified that a check numbered 1001, issued by you on September 29, 2001, drawn upon Prince George's Federal Savings Bank, Upper Marlboro, Maryland, and payable to Charles W. Redden, has been dishonored. Pursuant to Louisiana Law, you have fifteen days from receipt of this notice to tender payment in full of the amount of the check plus a service change of twenty-five dollars or five percent of the amount of the check, whichever is greater, the total amount due being $15,750.00. Unless this amount is paid in full within the fifteen-working-day period, the holder of the check may file a civil action against you for two times the amount of the check or one hundred dollars, whichever is greater, plus any court costs and reasonable attorney fees incurred by the payee in taking the action.
A copy of that check is attached. Please give this matter your prompt attention.
The letter was returned unclaimed. Redden and Red Bear filed the instant suit against Ripley, seeking damages in twice the amount of the check plus attorney fees pursuant to La. R.S. 9:2782. Ripley answered, admitting that he had issued the check for $15,000 and that it had been dishonored. However, he alleged that Redden was not entitled to damages under R.S. 9:2782 because the check was dishonored for "uncollected funds" rather than "nonsufficient funds" and because the demand letter did not advise him that payment was due within 15 working days, both requirements of the statute.
Redden filed the instant motion for summary judgment, attaching a copy of the dishonored check and the affidavit of the *472 attorney who drafted and mailed the demand letter. Ripley opposed the motion. By affidavit, he stated that he had no connection with Liberty Works and had written the check to Redden only as a favor to his friend, Kotmair. He further stated that the check was dishonored because the drawee bank had failed to timely process a cashier's check for $125,000 which he had deposited to the account one day before writing the dishonored check. Kotmair confirmed by affidavit that Redden had no connection to Liberty Works and had written the check as a favor to Kotmair.
After a hearing on February 25, 2003, the district court granted the plaintiffs' motion for summary judgment and signed a judgment awarding them $15,000. Notice of judgment was mailed that same day. Two days later, on February 27, the court issued a rule to show cause why an amended judgment should not be rendered, with a hearing set for March 12. After the hearing, the court rendered an amended judgment awarding damages of $15,000 for the face value of the check and $15,000 in statutory penalties, plus attorney fees to be determined pursuant to further findings.[1]
On March 20, Redden filed a "motion for new trial/rehearing," seeking attorney fees in accordance with his attorney's affidavit. On that date and without a hearing, the court rendered "judgment on rehearing/new trial," granting summary judgment in favor of Redden and Red Bear for $15,000 in damages, $15,000 in statutory penalties, and $2,000 in attorney fees. Ripley has appealed devolutively.

Applicable Law
The recovery of damages and attorney fees for nonsufficient fund checks is regulated by La. R.S. 9:2782, which provides in part:
A. Whenever any drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check within fifteen working days after receipt of written demand for payment thereof delivered by certified or registered mail, the drawer shall be liable to the payee or a person subrogated to the rights of the payee for damages of twice the amount so owing, but in no case less than one hundred dollars plus attorney fees and court costs.
* * *
C. (1) Before any recovery under Subsection A of this Section may be claimed, a written demand in substantially the form which follows shall be sent by certified or registered mail to the drawer of the check at the address shown on the instrument:
"You are hereby notified that a check numbered ______, issued by you on ______ (date), drawn upon ______, (name of bank), and payable to ______, has been dishonored. Pursuant to Louisiana law, you have fifteen working days from receipt of this notice to tender payment in full of the amount of the check plus a service charge of twenty-five dollars or five percent, whichever is greater, the total amount due being ______. Unless this amount is paid in full within the fifteen-working-day period, the holder of the check may file a *473 civil action against you for two times the amount of the check or one hundred dollars, whichever is greater, plus any court costs and reasonable attorney fees incurred by the payee in taking the action."
(2) Notice mailed by certified or registered mail evidenced by return receipt to the address printed on the check or given at the time of issuance shall be deemed sufficient and equivalent to notice having been received by the person making the check.
(3) It shall be prima facie evidence that the drawer knew that the instrument would not be honored if notice mailed by certified or registered mail is returned to the sender when such notice is mailed within a reasonable time of dishonor to the address printed on the instrument or given by the drawer at the time of issuance of the check.
Because this statute provides for penalty damages and attorney fees, it is penal in nature and must be strictly construed. Sanders v. Mitchell, XXXX-XXXX (La.App. 3 Cir. 3/6/02), 810 So.2d 1276; Sangid v. Fleming, 530 So.2d 1231 (La. App. 2 Cir.1988).
The motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Sanders, 33,865 (La.App. 2 Cir. 9/27/00), 768 So.2d 739. The procedure is designed to secure the just, speedy and inexpensive determination of every action in which it is allowed; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. Appellate review of summary judgments is de novo. Ross v. Conoco Inc., XXXX-XXXX (La.10/15/02), 828 So.2d 546.

Discussion: Payee of the Check
By his first assignment Ripley urges the district court erred in rendering summary judgment in favor of Red Bear because Red Bear was not the payee of the dishonored check. Ripley contends that this created a genuine issue of material fact, precluding summary judgment. We agree.
The statute makes the drawer of a dishonored check liable to "the payee or a person subrogated to the rights of the payee" for statutory damages and attorney fees. Ripley's check was made payable to the order of Charles W. Redden only. There is no summary judgment evidence that Red Bear was subrogated to Redden's rights, or a holder of the check or otherwise statutorily entitled to enforce it. La. R.S. 10:3-301. On this record, genuine issues of material fact remain regarding whether Red Bear is entitled to enforce the check under this statute.
Red Bear is not entitled to summary judgment. The judgment in its favor will be reversed.

Material Defenses to the Check
By his second and third assignments Ripley urges that other genuine issues existed, precluding summary judgment. Specifically, he contends that he made the check payable to Redden instead of to Red Bear, at Redden's instruction; that Liberty Works did not owe anything to Redden personally; that Ripley could have stopped payment on the check pursuant to La. R.S. 10:4-403; and that he received no consideration for the check. Ripley submits that all of these issues are material defenses to the check.
*474 The summary judgment evidence does not support these allegations. Ripley offered nothing to show that Redden instructed him to make the check out to Redden personally instead of to Red Bear. Mr. Kotmair's affidavit contradicts the second allegation, by admitting that Liberty Works entered a lease contract "with Chuck Redden/Red Bear Broadcasting." Moreover, there is nothing to show that Ripley attempted to stop payment on the check.
As for Ripley's final claim, lack of consideration, we agree that in order to be a holder in due course, Redden must have taken the instrument for value. La. R.S. 10:3-302(a)(2)(i). The law is also clear, however, that an instrument is issued for value if it is in payment of, or as security for, an antecedent claim against any person, whether or not the claim is due. La. R.S. 10:3-303(a)(3). Mr. Kotmair's affidavit establishes that Ripley wrote the check to cover past due rent, not to pay for additional air time or other services. Since Ripley gave the check to cover an existing debt of Liberty Works, it was supported by valid consideration. Progressive State Bank & Tr. Co. v. Stutts, 516 So.2d 1207 (La.App. 2 Cir.1987); Graham v. Ezell, 286 So.2d 158 (La.App. 1 Cir.1973). We perceive no genuine issue as to failure of consideration.
These assignments of error present no genuine issue of material fact that would preclude Redden from recovering the face value of the check. The judgment will be affirmed in this respect.

Penalty Damages
By his fourth and fifth assignments Ripley urges the district court erred in awarding twice the face value of the dishonored check because Redden failed to comply with the strict requirements of the statute. Specifically, he contends the check was returned not for "nonsufficient funds," as required by R.S. 9:2782, but for "uncollected funds."[2] Because "uncollected funds" indicated a chargeback on his account, he argues that he should not be subjected to a statutory penalty reserved for drawers who knew that their checks would be dishonored. We agree.
The statute grants a remedy to the payee of a check "dishonored for nonsufficient funds." A dishonored check is one for which payment has been refused by the drawee bank. The reason for refusal of payment can vary from insufficient funds in the account to a stop order placed on the check by the drawer.
The issue is whether the statute, providing penalty damages to recover a check rejected for "nonsufficient funds," can also be used to recover penalty damages for a check rejected for "uncollected funds." These terms are not defined in the statute, but their meaning is self-evident. "Nonsufficient funds" means the drawer of the account has failed to maintain sufficient funds in the account for payment on the check being dishonored. "Uncollected funds" means the drawer has deposited funds in the account, but the drawee bank has not yet collected them at the time the dishonored check was presented for payment.[3]
*475 We are aware of only one other case that addressed whether the remedy of R.S. 9:2782 applies to checks dishonored for express reasons other than nonsufficient funds. In TeleRecovery of La. Inc. v. Rayborn, XXXX-XXXX (La.App. 1 Cir. 3/28/02), 814 So.2d 688, the plaintiff sought recovery for three dishonored checks (actually gambling markers) issued by the defendant to a casino. The drawee bank had refused payment with the notation, "Account Closed." The court noted that while the first sentence of the statute uses the phrase, "dishonored for nonsufficient funds," the sample letter provided in Subsection C refers to "dishonored" checks; the court construed this as evidence that R.S. 9:2782 is a "bad check" statute, and not just an "insufficient funds" statute. The court also reasoned that once the account was closed, there are indisputably no funds with which to pay any check presented. A check dishonored for "account closed" could just as easily be marked "NSF." The court affirmed the award of penalty damages.
The facts of the instant case materially differ from those in TeleRecovery, supra. Ripley did not close his account. We agree that the closing of an account by the drawer may be the equivalent of maintaining insufficient funds to cover checks drawn on the account. The same cannot be said of the drawer whose check cannot be paid for "uncollected funds."
The statute, which must be strictly construed, seeks to discourage the practice of writing checks on bank accounts when the "drawer knew that the instrument would not be honored." R.S. 9:2782 C(3). Allowing the statute to apply to checks dishonored for uncollected funds would not serve the purpose of the statute. Unlike the drawer who does not maintain sufficient funds in his account to cover checks drawn on the account, the drawer of a check dishonored for uncollected funds has deposited sufficient funds, but the drawee bank may not have collected them yet. We do not deny that this situation could conceivably result from some manipulation of the system, but we believe that the mere dishonor of a check for uncollected funds is not, in and of itself, evidence of any wrongful or dishonest conduct which should subject the drawer to the harsh penalties of R.S. 9:2782.
Furthermore, we are not persuaded that the omission in the statute's sample letter of any reference to the conditional phrase, "for nonsufficient funds," indicates a legislative intent to expand the sweep of the statute to any check dishonored for any reason. The opening paragraph very clearly creates special remedies for the payee when the "drawer of a check dishonored for nonsufficient funds fails to pay the obligation created by the check." R.S. 9:2782 A. It is axiomatic that a payee who undertakes the preparation of a demand letter like the one in Subsection C must fall into the category of persons defined in Subsection Apayee of a check which has been dishonored for nonsufficient funds.
For these reasons, Redden has not shown, as a matter of law, that he is entitled to the penalty damages of $15,000 and attorney fees of $2,000 that he received pursuant to R.S. 9:2782. These portions of the summary judgment will therefore be reversed.

Conclusion
For the reasons expressed, we affirm the summary judgment insofar as it awarded Redden the face value of the check, $15,000. We reverse the portion of the judgment that awarded $15,000 in penalty damages, $2,000 in attorney fees, and *476 the interest thereon. We also reverse the portion of the judgment that awarded anything to Red Bear Broadcasting Corp. Appellate costs are assessed equally between the parties.
AFFIRMED IN PART, REVERSED IN PART.

APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, DREW, MOORE, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] The pleading, if any, that provoked this rule to show cause is not part of the record. Amendment of judgment is allowed only to alter the phraseology, but not the substance, of the judgment, or to correct errors of calculation. La. C.C.P. art. 1951. The amended judgment of March 12 would appear to be null and void. See, ITT Residential Capital Corp. v. Cheuk, 94-744 (La.App. 5 Cir. 5/30/95), 656 So.2d 747, writ denied, 95-1634 (La.10/6/95), 661 So.2d 465. In light of our ultimate disposition of the case, however, we pretermit any further discussion of this irregularity.
[2] He also contends the demand letter was deficient for advising that he had 15 days, instead of 15 working days, to tender payment of the check, and that it was not sent within a reasonable time of dishonor to constitute prima facie evidence that the check would be dishonored. Because we find merit in his principal argument, we pretermit consideration of these alleged deficiencies.
[3] Other states have drawn the same distinction. Statewide Ins. Corp. v. Dewar, 143 Ariz. 553, 694 P.2d 1167 (1984); Sinclair v. State, 21 Md.App. 477, 319 A.2d 549 (1974); Elliott v. Snyder, 246 S.C. 186, 143 S.E.2d 374 (1965).