BROWN, Chief Judge.
11 Defendant, J & J Properties of West Monroe, LLC, appeals from a trial court decision granting a motion for summary judgment in favor of plaintiff, Cole Builders, LLC. For the following reasons, we affirm.

Facts and Procedural History

J & J Properties issued check # 005081 made payable to Cole Builders in the amount of $14,289.00 on ■ July 18, 2005. The bank dishonored this check upon presentment due to insufficient funds, and marked the check “NSF” with the notation “DO NOT PRESENT AGAIN.”
Cole Builders sent a letter informing J & J Properties of the dishonored check in accord with La. R.S. 9:2782,’ demanding that defendant pay the obligation within fifteen working days of receipt of the letter, with a warning that failure to pay would result in statutory penalties. J & J Properties failed to make any payment. Cole Builders filed its petition for damages on December 21, 2005, in the Fourth Judicial District Court of Ouachita Parish, seeking payment plus statutory penalties, costs and attorney fees pursuant to La. R.S. 9:2782.
Cole Builders filed a motion for summary judgment, which was heard on July 5, 2006. The trial court withheld judgment, allowing J & J Properties one week, or until July 12, 2006, to pay the original payment due plus $400 in attorney fees. The trial court stated that it would award the full amount of the check plus statutory penalties and attorney fees should defendant fail to pay timely.
On July 14, 2006, Cole Builders, having received no payment from J & J Properties, presented a proposed judgment to the trial court, a copy of | j,;which was mailed to defendant. The trial court signed the judgment on July 18, 2006, granting plaintiffs motion for summary judgment, and awarding Cole Builders $14,289 for the original obligation, an additional $14,289 in statutory penalties, $2,000 in attorney fees, plus all costs of proceedings and legal interest from the date of judicial demand until paid.[1]
It is from this judgment that J & J Properties has appealed.

Discussion

Defendant argues that summary judgment was improperly granted, and in any case, the trial court’s judgment should not have included statutory penalties.
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Miller v. Bossier, 41,476 (La.App.2d Cir.09/20/06), 940 So.2d 54. Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of every action. La. C.C.P. art. 966(A)(2); Hawes v. Kilpatrick Funeral Homes, Inc., 39,089 (La.App.2d Cir. 11/17/04), 887 So.2d 711. Ap *571 pellate review of the grant of summary judgment is de novo. Jones v. Estate of Santiago, 03-1424 (La.04/14/04), 870 So.2d 1002.
13La. R.S. 9:2782 requires five elements in order for a plaintiff to obtain a double recovery against a drawer of a check returned due to insufficient funds.[2] The elements are:
1) Written demand containing a notification of dishonor and setting forth the penalties for failure to pay;
2) Delivery by certified or registered mail;
3) Demand mailed to the drawer of the check at the address shown on the instrument;
4) Proof of receipt; and
5) Nonpayment within fifteen days of receipt of written demand.
It is uncontested, and the record demonstrates, that written demand, in accordance with the requirements of La. R.S. 9:2782, was sent by Cole Builders and received by defendant via certified mail, at the address as shown on the check at issue. Indeed, J & J Properties admits in its answer that it received the demand. The demand set forth the penalties for failure to pay and the time period in which defendant had to pay to avoid the penalties. It is undisputed that J & J Properties failed to tender payment within the fifteen-day period.
When the requirements set forth in La. R.S. 9:2782 are satisfied and the drawer of a check dishonored for nonsufficient funds fail to tender payment, “the drawer shall be liable to the payee ... for damages of twice the amount so owing, but in no case less than one hundred dollars plus ^attorney fees and court costs.” (Emphasis added). Plaintiff was entitled to summary judgment as a matter of law, and the trial court’s ruling will be upheld. ■

Conclusion

For the reasons set forth above, the trial court ruling granting summary judgment in favor of plaintiff, Cole Builders, LLC, and against defendant, J & J Properties of West Monroe, LLC, in the amount of $14,289 plus statutory penalties of $14,289 and $2,000 in attorney fees, plus all costs of proceedings and legal interest from the date of judicial demand until paid, is AFFIRMED. Costs of this appeal are to be assessed against defendant, J & J Properties of West Monroe, LLC.

. On July 28, 2006, J & J Properties made a partial payment of $14,689, sixteen days after the date set by the trial court.

. Defendant erroneously cites Redden v. Ripley, 27,905 (La.App.2d Cir.12/10/03), 862 So.2d 469, wherein this court declined to grant double recovery because the check in Redden was returned due to “uncollected funds” as opposed to nonsufficient funds, as in the present case, and was governed by the provisions of La. R.S. 9:2782. Id. at 474.